THE SOUTHERN SURETY CO. *v.* THE MOORES-CONEY CO. ET AL., AND FOUR OTHER CASES.

(Decided May 7, 1928.)

Mr. *Wm. Thorndyke,* for plaintiff in error.

Mr. *James R. Jordan* and *Messrs. Hicks & Hicks,* for defendants in error, Moores-Coney Company, Lang Lumber Company, and the Red Bank Gravel Company.

HAMILTON, P. J. In this case, the Moores-Coney Company, one of the defendants in error here, brought suit against the Southern Surety Company and others, in which the plaintiff, the Moores-Coney Company, sought a judgment against the several defendants for the sum of $614.31, on account of materials furnished in the construction of a schoolhouse under a contract entered into by the board

of education of the Withamsville rural school district and Cook & Dowers, a partnership, contractors.

The Moores-Coney Company in its petition further claims a lien on the funds in the hands of the board of education, by virtue of a mechanic's lien filed under the laws of Ohio.

Other materialmen were made parties defendant, and filed their several answers and cross-petitions, setting up divers claims for materials furnished.

There were some four other suits filed by materialmen against the Southern Surety Company and the board of education, on claims for materials furnished that went into the construction of the schoolhouse.

By agreement, all of the suits were tried together on the same evidence, and are submitted by agreement in the one bill of exceptions, which bill of exceptions is to be considered as filed in each of the cases.

The original contractors, Cook & Dowers, on being awarded the contract, executed a bond as required by law, for faithful performance, with the Southern Surety Company as surety.

The trial of the cases resulted in a judgment in favor of the several materialmen, claimants, against the Southern Surety Company, on the bond. From these judgments, the Southern Surety Company prosecutes error to this court.

The first point of error made by the plaintiff in error, the Southern Surety Company, is that the court erred in overruling its demurrer to the petition, on the ground of misjoinder of parties and misjoinder of causes of action.

The answer to this question is contained in Section 11255, General Code, which provides:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of a question involved therein."

The petition recites that each of the defendants (naming the co-defendants claiming on accounts for materials furnished) claims to have some interest in said fund, in the hands of the board of education, and bond, the nature of which claims is unknown to the plaintiff, and asks that they be made parties and required to set up their claims. So that on the face of the petition, there is such an allegation as tended to show that the parties defendant all claimed some interest in the fund and bond in question.

Moreover, in the case of *Taylor* v. *Standard Brick Company,* 66 Ohio St., 360, 64 N. E., 428, it is stated in the first paragraph of the syllabus:

"Under the Ohio Code of Civil Procedure, as formerly in chancery, to avoid multiplicity of actions, the court may require that the rights of all parties interested in a transaction, or subject-matter, shall be determined in a single action; and, in doing so, the identity of parties is not considered, but rather a community of interest in the subject-matter of the litigation."

The subject-matter of the litigation in this case is the fund in the hands of the school board and the bond to secure faithful performance by the contractor. There was no misjoinder of parties or

causes of action, and the court properly overruled the demurrer.

The second ground of error stressed is that the contract entered into by the Withamsville board of education with Cook & Dowers was void, for the reason that there was no certificate of the clerk filed, as required by Section 5660, General Code, known as the Burns Law.

It is admitted that no such certificate was filed, and it is claimed that none was necessary, for the reason that the school building was being erected with the proceeds of bonds issued and sold for that purpose.

On this question of the admitted failure of the clerk to file the certificate, the view of this court on the law was expressed in the cases of *Thomas, a Taxpayer,* v. *Board of County Commissioners of Butler County,* and *State, ex rel. Seeman,* v. *Kinch.* These were Butler county cases, and were decided April 2, 1923, and are reported in 28 Ohio App., at page 8, 162 N. E., 430.

Section 5660 was amended in 111 Ohio Laws, 375. But the amendment does not change the law in question. We are therefore of the opinion that the failure to file a certificate was mandatory and fatal to the validity of the contract.

The contract being void, the surety company could not be held for failure on the part of the principal to perform under the contract.

In the case of *State* v. *Kuhner & King,* 107 Ohio St., 406, at page 420, 140 N. E., 344, 348, the court in the opinion says:

"It is further contended that the indemnity company is estopped by the recitals of its bond from

asserting that it is not under contract with the state of Ohio to see that the construction work involved in this case is at all events completed within the contract price. A surety company is estopped by the material recitals in a bond which it has executed. The bond in question was furnished and filed at the time of the filing of the bid, June 14, 1917, and not at the time of the execution of the contract. It recited that the principal had filed a written proposal for the construction of the portion of the highway in question, and the obligation provided that, if such proposal was accepted, the contractor should within 10 days after receiving notice thereof enter into a proper contract with the state for the construction and completion of such improvement, and would comply with and perform the terms thereof and complete the improvement in accordance with the plans and specifications which were made a part thereof.

"It was held in *Russell* v. *Failor,* 1 Ohio St., 327, 59 Am. Dec., 631, that it is the essence of the contract of suretyship that there be a subsisting valid obligation of the principal debtor. The same rule is announced in the syllabus in the case of *State, ex rel. Commrs. of Knox County,* v. *Blake,* 2 Ohio St., 147, and it is there further stated that—

" 'Whatever, therefore, amounts to a good defense to the original liability of the principal, is a good defense for the sureties when sued upon the collateral undertaking.'

"And this rule is universally recognized and applied. It seems clear, therefore, that there is no element of estoppel in this case."

We have therefore the situation in the instant case of a suretyship for the completion of a void contract. If the contract is void, there could be no legal requirement to perform thereunder, and the only relief against the suretyship would have to be on the ground of estoppel. That the surety company is not estopped to set up the defense of a void contract is the holding in the case of *State* v. *Kuhner & King, supra,* and, that being the only principle on which it might be held, it follows that the judgments against the surety company are erroneous, and should be reversed. It being admitted that the certificate of the clerk was not filed, as required by Section 5660, General Code, this court will enter the judgments that the court of common pleas should have rendered.

Since this disposes of the cases, it is unnecessary to discuss the other questions presented in the briefs.

The judgments will be reversed, and judgment will be entered here in favor of the plaintiff in error in the several cases.

*Judgment for plaintiff in error.*

MILLS and CUSHING, JJ., concur.