THE LEAVENWORTH, NORTHERN & SOUTHERN RAIL-
WAY COMPANY v. OTTO MEYER.

No. 9941.

1. EMINENT DOMAIN — *award and report by two commissioners
after resignation of third and without opportunity for his
successor to participate, void.* The statute requires that the
duties of commissioners appointed to condemn land for a railroad
right of way and to award damages therefor, shall be performed
by a full body of three members, or by two of them upon notice
to the third and opportunity by him to participate therein; and a
condemnation and award made by two after the resignation of the
third is not a valid proceeding. If such action of the two after
the retirement of the third appears upon the face of the report,
the instrument is void; and the proceedings and report are like-
wise void if it appears therefrom that after the resignation of the
one member an appointment to fill the vacancy was made, but
that such appointee took no part in the proceedings and had no
notice thereof nor opportunity to participate therein.

2. AUTHORITY OF MAJORITY OF BOARD — *statutory rule as to, ap-
plies only where membership full.* The statutory rule that,
" words giving a joint authority to three or more public officers
or other persons shall be construed as giving such authority to a
majority of them, unless it be otherwise expressed in the act
giving the authority," applies to boards and tribunals, the mem-
bership of which is full, and not to a board or tribunal whose
membership has never been fully appointed, or if appointed, has
become reduced in number, nor to one in whose proceedings the
minority has been given no opportunity to participate.

3. EMINENT DOMAIN — *filing of report is condemnation and
award, and must be act of the commissioners as a body.*
Until the report of commissioners appointed to condemn land for
a railroad right of way and award damages therefor, has been
filed, it is within the control of such commissioners, although
written out and signed, and may be changed by a majority, or
dissented from by a single member. The act of filing such report
is, in law, the condemnation and award; and must be performed
as the act of the full body, or the act of a majority of the mem-
bers upon notice to the third.

4. ERRONEOUS ADMISSION OF EVIDENCE — *does not necessarily
compel a reversal, if in proof of only particular element of
damage.* A case is not of necessity to be reversed because of
error in the admission of evidence in support of a claim for dam-
ages, but if such erroneous evidence consists of statements of

amounts of damage sustained, the judgment may be modified to the extent of the highest estimate of such damages made by any of the witnesses.

Error from Leavenworth District Court. Hon. Louis A. Myers, Judge. Opinion filed June 5, 1897. *Modified*.

*A. A. Hurd* and *Stambaugh & Hurd*, for plaintiff in error.

*S. E. Wheat* and *L. B. Wheat*, for defendant in error.

DOSTER, C. J.   The plaintiff in error instituted proceedings to secure a right of way through Leavenworth County.   Messrs. Hacker, Havens and Jaggard were appointed commissioners to condemn the right of way and award damages therefor.   The route of the railroad as laid out was across a section of land belonging to the defendant in error.   The commissioners viewed the same, estimated the value of the land taken and the damages to the remainder not taken, and prepared and signed a report on either the fifteenth or sixteenth of December, 1886 ;— probably, on the date first mentioned.   On the sixteenth of December, Mr. Hacker resigned his position as commissioner, and on the seventeenth of December, Mr. C. F. W. Dassler was appointed in his place to complete the work of the commission.   At one place in the report of proceedings, it is recited that Mr. Dassler was appointed on the eighteenth, but the difference in dates is immaterial.   He qualified for the duties of his position on the eighteenth, and on that day the report of condemnation, valuation of land and assessment of damages, which had been previously prepared and signed by Messrs. Hacker, Havens and Jaggard, was filed, as required by law, in the office of the county clerk.   To this report the signature of Mr.

Hacker as one of the commissioners appears. That of Mr. Dassler, his successor, does not appear upon such report, and he took no part in the condemnation, valuation and appraisement, so far as the land of defendant in error is concerned, and was not consulted about the making up or filing of such report.

The defendant in error was dissatisfied with the valuation, and assessment of damages, but neglected to appeal therefrom within the statutory time. He thereafter instituted an action in the District Court to recover damages as for a trespass upon his land. Upon the trial of the case the Railroad Company, the plaintiff in error, defended upon the ground of the previous condemnation and award of the commissioners, claiming it to be *res judicata* because not appealed from. The report of the proceedings of the commissioners was offered in proof of the claim of adjudication. Its reception as evidence was objected to by plaintiff, defendant in error here, because void upon its face — showing no valid condemnation and award. The court rejected the report, and, upon trial and verdict of the jury, rendered judgment in plaintiff's favor for an amount considerably in excess of the award of the commissioners. The principal question in the case arises upon the offer and rejection of the report.

The question for determination is, whether the report of the commissioners, agreed upon and signed by all three, but not filed until after the resignation of one of such commissioners and the substitution of another, who did not join in the making of such report or take any part in the condemnation proceedings, is valid, and estops the landowner from suing in trespass for the damages sustained by the taking of the right of way through his land.

We are fully persuaded that, both in reason and

upon the authority of adjudicated cases, the action of the court in rejecting the report in question was right. Condemnation commissioners constitute a body in whose action all must participate, or have an opportunity to participate. They can perform no duty except when in session, or except through such formal and concurrent action as may be termed a session; and all must have notice of the holding of such session and an opportunity to attend. This has been repeatedly decided in this State as to boards of county commissioners and other like tribunals. *P. & F. R. Rld. Co. v. Comm'rs of Anderson Co.*, 16 Kan. 302; *Comm'rs of Anderson Co. v. P. & F. R. Rld. Co.*, 20 id. 534; *Aikman v. School District*, 27 id. 129; *National Bank v. Drake*, 35 id. 564. The rule of these cases is but an expression of the common-law doctrine upon the subject. The legislative design to secure the action and judgment of three persons in condemnation proceedings is indicated by the provision as to such commissioners : "In case any vacancy occurs, or any such commissioner or commissioners refuse to serve on such board, the district judge shall appoint, in the manner herein provided, some other person or persons having the qualifications herein provided." Gen. Stat. 1889, ¶ 1396. From the former decisions of this court as to boards of a like character, and from the statute quoted, it is reasonably clear that, if no more than two commissioners had been appointed, they could not have legally performed the duties required of a full board; and that, if after the appointment of three, one had died, resigned, or become otherwise disqualified, the remaining two could not have acted until a successor to the third had been appointed; and it is clear beyond question that, if two of the board of three had undertaken to act with-

1. Award of two commissioners void, when.

2. Statutory rule applied.

out notice to the third, their proceedings would have been nugatory.

In land condemnation proceedings the efficient act is the filing of the report of condemnation and award. The filing of such report is the making of it. The writing of it out is clerical only; the signature to it, its formal attestation; the previous agreement to it, only an agreement as to what it shall be when it passes out of the hands of the commissioners. Until it has been filed it is fully within the control of those who make it, and is subject to revision and change. Until then, it may be substantially altered or made up anew. The delivery of such report is not the act of the one commissioner who may chance to carry it to the legal custodian, but is the joint act of all the members of the board; and until so delivered it is subject to recall by a majority, and to dissent by any one of the members. This view of the law is set forth in *Wentworth v. Farmington,* infra, and other cases hereafter cited. If, therefore, the filing of the report is to be regarded as the act of the board as originally consti-

3. Filing of report must be by commissioners as body.

tuted, it was ineffectual, because Mr. Hacker, one of the members, did not and could not join therein, and the two remaining members could not perform such act because the concurrence of the third was lacking and not to be obtained. If, on the other hand, the filing of the report is to be regarded as the act of the board newly constituted by the substitution of Mr. Dassler in the place of Mr. Hacker, such act was likewise nugatory, because Mr. Dassler did not join in the making, or act of filing, and had been given no opportunity to approve the report nor to concur in the making of the same. The defendant in error, until the final act of the condemnation proceedings — until the filing of the report,

which in law is its making — was entitled to the judgment of a full board as to the damages by him sustained.

The plaintiff in error, however, to uphold the report, relies upon the statutory rule of construction to be found in the fourth paragraph of section 1, chapter 104, General Statutes of 1889, which reads as follows : " Words giving a joint authority to three or more public officers or other persons, shall be construed as giving such authority to a majority of them, unless it be otherwise expressed in the act giving the authority." This statute, however, gives no aid to the plaintiff in error. It does not provide that boards or tribunals, authorized to be made up of three or more persons, may nevertheless be made up of a majority of such number without the appointment of the full number, or that a majority of the full number may act without notice to, or in disregard of, the right of the remainder to participate in the action taken. It declares nothing more than that a majority of a body of three or more, actually in existence as members of a tribunal, may determine the action of such tribunal without the concurrence of the others. The case of *P. & F. R. Rld. Co v. Comm'rs of Anderson Co.* ( 16 Kan. 302 ), was decided in accordance with this view of the statute in question ; and the authorities cited to us upon this point support the same construction. *Wentworth v. Farmington,* 49 N. H. 119 ; *Schenck v. Peay,* 1 Dill. C. C. 268 ; *Schenck v. Peay & Bliss,* 1 Woolw. C. C. 176. Other cases, less directly in point but supporting the same general view, are, *Inhabitants of Williamsburg v. Lord,* 51 Me. 599 ; *Cassin v. Zavalla Co.,* 70 Tex. 419 ; *State v. Pinkerman,* 63 Conn. 176 ; *Keeler v. Frost,* 22 Barb. 400.

We do not regard *Quayle v. M. K. & T. Rld. Co.* (63 Mo. 465) as opposed to the views herein ex-

pressed. In that case, the power of two of a body of three, one of whom had resigned before the action in question was taken to condemn land for right-of-way purposes, was affirmed. Unlike the law of this State, there was no statute providing for the filling of vacancies in such boards; and, upon the score of such fact, the court distinguished the case before it from an earlier one, in which a contrary view had been taken because of the existence of a statute providing for the filling of vacancies in the kind of board then under consideration.

The fact that proceedings to condemn the land of a citizen for right-of-way purposes are *in invitum*, that they are against his will and for the sequestration of his property, is a sufficient consideration as against any claims of technicality in the rule here announced. The authority for such proceedings must be strictly pursued. The remarks of Mr. Justice Miller, presiding at the circuit, in *Schenck v. Peay & Bliss*, supra, state a rule of unquestioned existence and authority : " Nothing is better settled in the law of this country than that proceedings *in pais* for the purpose of divesting one person of title to real estate, and confering it on another, must be shown to have been in exact pursuance of the statute authorizing them, and that no presumption will be indulged in favor of their correctness."

Questions are raised by the plaintiff in error as to the qualifications of certain jurors, as to certain instructions asked in its behalf, and as to others which were given over its objection. A question is also raised as to the competency of a certain witness to testify to land values ; and objections are made that testimony was erroneously introduced in proof of damages caused by the washing out of a ford under a railroad bridge on account of the manner in which the

**4. Admission of evidence not ground for reversal, when.** piles of the bridge were driven, and that testimony was erroneously received to establish a claim for damages caused by cattle trespassing on the land of defendant in error, through fences which the Railroad Company had thrown down and left open in the construction of its road, and also for damages caused by the digging of pits upon the land outside the right of way.

As to one of these last two claims of damage, it does not appear to be within the allegations of the petition; as to the other, the proper method of proof was not employed. The largest sum estimated as to one of them by any witness is seventy-five dollars, and as to the other, is $108.80. The plaintiff in error is not entitled to a reversal of the case on account of the erroneous admission of evidence in support of these two claims of damage. How much, if anything, may have been allowed therefor by the jury, cannot be told; certainly, nothing beyond the largest estimates made by the witnesses. These amounts with the interest thereon can be eliminated from the judgment, and it is ordered abated to such extent. As to the other claim for damage, it is sufficient to say that the jury, in reply to an interrogatory upon the subject, stated that they found nothing for defects in the construction of the road; consequently, the plaintiff in error has not been prejudiced by the admission of testimony concerning the destruction of the ford through the faulty construction of the bridge.

As to all the other claims of error, it is sufficient to say that none of them are substantial; and the judgment of the court below, modified as above indicated, is affirmed.