ERIK J. SWEDBACK and Another v. NELS L. OLSON and Others.[1]

April 8, 1909.

Nos. 15,813—(173).

**County Commissioners—Vacancy in Board.**

   A board of county commissioners was composed of five members, each representing a district within the county. A representative of one district had failed to qualify. No steps had been taken to fill the vacancy thus arising. The power of filling such a vacancy was not vested in the board. It is *held* that four members may exercise the legislative powers of that board.

Action in the district court for Koochiching county to enjoin defendants, county commissioners and auditor of that county, from issuing,

[1] Reported in 102 N. W. 753.

negotiating and delivering to the State of Minnesota, or to the state board of investment, or to any other party or person any bonds of that county, and from incurring any expense for the building of a court-house. After a hearing upon an order to show cause, the order was discharged, McClenahan, J. From the order of discharge plaintiffs appealed. Affirmed.

*Lind, Ueland & Jerome,* for appellants.

*W. V. Kane,* County Attorney, and *Thomas Kneeland,* for respondents.

JAGGARD, J.

Koochiching county was created in territory previously constituting a part of Itasca county in the year 1906, pursuant to sections 380 to 387, inclusive, R. L. 1905. The proclamation required by section 386 was issued by the Governor. Nels L. Olson, Ronald McDonald, Fred Smith, Hugh T. Mackintosh, and Charles M. Bowman were the persons designated in the petition for the creation of the new county as the first board of county commissioners. They were duly elected, as appears by the Governor's proclamation. Bowman resided in the county at the time of the election and organization; but he never met with the other commissioners, and did not qualify as a member of the board. The four remaining members qualified and proceeded to act as a legally constituted board of county commissioners for the county. The vacancy caused by the failure of Bowman to qualify has not been filled. The four members who qualified adopted a resolution to issue the bonds of the county to the amount of $42,000, and were about to issue and negotiate the same, when this action was instituted by the plaintiffs, who are citizens and taxpayers, to enjoin the issue. An order to show cause why the issuance of the bonds should not be enjoined was granted by the district court and subsequently discharged. This appeal is from the order denying the injunction.

The question presented by this record is this: Where a board of county commissioners is composed of five members, each representing a district within the county, where the representative of one of the districts has failed to qualify, and where no steps have been taken to fill the vacancy thus arising, can the four members exercise the legislative power of that board?

1. It is clear that the board itself had not the power to fill the vacancy. Under section 426, R. L. 1905, it is provided that the board of appointment to fill vacancies in the offices of the county shall consist of the chairman of the town board of each town and the mayor or president of each city and village in the commissioners' district in which such vacancy occurs. Article 5, § 4, of the constitution provides that the Governor "shall fill any vacancy which may occur in the office of the secretary of state, treasurer, auditor, attorney general and such other state and district offices as may be hereafter created by law, until the next annual election, and until their successors are chosen and qualified." It is unnecessary here to decide how the vacancy should be filled. It is clear that the power of nominating or appointing the respective district officials as to which the vacancy has occurred was not vested in the board of county commissioners itself.

2. Plaintiff has urged with great earnestness that the law contemplates that every commissioner's district shall be represented on the board, to give the board the benefit of his counsel and good judgment. This general purpose is not accomplished by leaving one district unrepresented and by permitting a vacancy on the board to continue indefinitely. Leavenworth v. Meyer, 58 Kan. 305, 49 Pac. 89, to which we are referred, tends to sustain this position. The law is, however, well settled, as Daly, J., said in Gildersleeve v. Board, 17 Abb. Pr. 201, 211, that "where, in matters of a private nature, a power is to be exercised by certain designated individuals, all must concur in its exercise, and the death, absence, or inability of any one of them, will not make the execution of the power by the remainder of them valid. (Townsend a. Wilson, 1 Barn. & A. 608; Anon., Dyer, 177). But where powers, to be exercised as a continuous public trust or duty, are confided to designated persons, the discharge of the public duty or trust is not to be interrupted or fail, through the death, absence, or inability of any of the persons to whom the exercise of it is intrusted, provided there is a sufficient number to confer together, deliberate, and, in view of the possibility of division of opinion, to decide upon what course is to be adopted; and if the power or duty is confided only to two persons, and one of them dies or is incapable of discharging it, the other cannot act alone (Pell v. Ulmar, 21 Barb. 500), because there can be no conferring together in such a case; but where, to

prevent a failure of justice, it is indispensable that one should act alone without conferring with the other, he may do so, and the act will be valid (Rex v. Warrington, 1 Salk. 152; Naylor v. Sharpless, 2 Mod. 23; Rich v. Player, 2 Show. 286; Vin. Abm. Coroner, 7; 14 Vin., ut supra). If a public duty is intrusted to three, and one dies or is disqualified, I doubt if the others can act alone, as, in the event of division of opinion, there can be no decision; but if there is more than three remaining, the majority can decide, and if all qualified to act are notified, as was the case here, an act done by the majority of them is in my judgment valid. In this view, as there were only nine trustees entitled to act, a resolution, in favor of which five voted, was a resolution passed by a majority of the whole body as it then existed." In approving this case it was said by the court in the Matter of the Petition of Merriam, 84 N. Y. 596, 609: "The principle is well settled that where a body of officers are vested with authority to discharge public functions, death, absence, or the disability of one of them does not deprive the remainder of the power, provided there is left a sufficient number to confer together." And see People v. Harrington, 63 Cal. 257; People v. Hecht, 105 Cal. 621, 38 Pac. 941, 27 L. R. A. 203, 45 Am. St. 96; City v. Carpentier, 13 Cal. 540; Lewis v. Town, 105 Ky. 14, 48 S. W. 978; State v. Egg Harbor, 55 N. J. L. 245, 26 Atl. 89; State v. Orr, 61 Oh. St. 384, 56 N. E. 14.

The statutory provisions in force in this state accord with, if, indeed, they do not require, this rule. Thus in the third subdivision of section 5513 it is provided: "Words purporting to give a joint authority to three or more public officers or other persons shall be construed as conferring such authority upon a majority of them, unless it shall be otherwise expressly declared in the law giving the same." Section 424, R. L. 1905, applies this provision specifically to the county board. It provides in part: "A majority shall constitute a quorum, and no business shall be done unless voted for by a majority of the whole board; but less than a majority may adjourn." Gardner v. Board of County Commrs. of Dakota County, 21 Minn. 33–38.

It follows that the order of the trial court must be sustained.
Affirmed.