## DEATH OF A COUNTY COMMISSIONER DOES NOT PREVENT TRANSACTION OF BUSINESS BY THE REMAINDER OF THE BOARD.

Court of Appeals for Lucas County.

STATE OF OHIO, EX REL JOHN C. D'ALTON, PROSECUTING ATTORNEY, v. ROY E. DAVIS AND CHARLES J. ROMEIS, AS COMMISSIONERS OF LUCAS COUNTY, OHIO.

Decided, July 12, 1915.

*County Commissioners—Are a Quasi Corporate Body—Transaction of Business Not Stopped by the Death of One of the Members.*

In case of the death of one member of the board of county commissioners, the vacancy thus created remaining unfilled, the surviving members have authority, acting together, to perform the duties of the board.

*John C. D'Alton,* Prosecuting Attorney, and *Allen J. Seney,* for plaintiff.

*Webster, Kirtley & Connolly,* contra.

RICHARDS, J.; CHITTENDEN, J., and KINDER, J., concur.

Appeal from the court of common pleas.

This action is brought by the Prosecuting Attorney for the purpose of restraining the defendants from entering into a contract with Phil Garrigan & Son, for the construction of a certain improved road in the county of Lucas. The sole ground on which the prosecutor seeks the injunction is that the two persons named do not constitute a board of county commissioners, the third member of said board being deceased and the vacancy never having been filled by the appointing authorities.

A demurrer was filed to the petition in the court of common pleas and sustained by that court, and, the plaintiff not desiring to plead further, the petition was dismissed and from this decree an appeal has been taken to this court.

It appears from the averments of the petition that the third member of the board of county commissioners of Lucas county,

Frank W. Westfall, died on May 26, 1915, and that before his decease certain legislation had been passed by the board providing for the construction of the road in question, and that this included the sale of bonds of the county in the amount of $30,-000. Bids had been duly advertised for, and on June 29, 1915, the defendants, pretending to act as a board of county commissioners, received and opened among other bids the bid of Phil' Garrigan & Son in the sum of $27,953.70, and it is to prevent the execution of a contract with this bidder that this injunction is sought.

It is provided by Section 2395, General Code, that the board of county commissioners shall consist of three persons, and by Section 2403, General Code, that a majority of the board shall constitute a quorum thereof. Section 2397, General Code, provides as follows:

"If a vacancy in the office of commissioner occurs more than thirty days before the next election for state and county officers, a successor shall be elected thereat. If a vacancy occurs more than thirty days before such election, or within that time, and the interest of the county requires that the vacancy be filled before the election, the probate judge, auditor, and recorder of the county, or a majority of them, shall appoint a commissioner, who shall hold his office until his successor is elected and qualified."

It is a fair inference from the language of the section just quoted that the General Assembly contemplated that a vacancy might or might not be filled, depending upon the judgment of the appointing power. It could not be assumed that the General Assembly contemplated that the business of the county must stop by reason of the death of one member of the board of county commissioners. The public necessities naturally would require that the public business of the county should be transacted, and the language of this section justifies the inference that the law making authorities had in view that under certain circumstances such business might properly be transacted by two members of the board after the decease of the other member. The language of the statute providing that the board of county commissioners shall consist of three persons is in all material

respects similar, so far as this question is concerned, to the language of Section 1466, General Code (103 O. L., 408), which provides that the Supreme Court shall consist of a chief justice and six judges, and yet it is common knowledge to all, that, notwithstanding the decease of a member of the Supreme Court, that body continues the hearing and decision of cases and the transaction of such business as may properly come before it. This is by virtue of the constitutional provision that a majority of the Supreme Court constitutes a quorum and has authority to pronounce a decision except in certain specified cases.

In 7 Ruling Case Law, 999, the cases are collected on the question, and the general rule stated to be that the death of one member of a court will not deprive the survivors of authority to transact the business of the court; and a similar rule is applicable to a board of county commissioners.

The greatest inconvenience would arise in the transaction of public business if boards or courts were powerless to transact business upon the death of one of their members, and it must be remembered that the board of county commissioners is a *quasi* body corporate, having existence in perpetuity and capable of suing and being sued as such body.

The question was under consideration in *Cupp et al* v. *Board of Commissioners of Seneca County*, 19 O. S., 173, and the court in that case discusses the power of a majority of the board of commissioners to act, and, while the claimed infirmity there was the absence of a commissioner and not his death, yet the discussion of the court in the opinion by Welch, J., is instructive.

In *State of Ohio, ex rel*, v. *Orr*, 61 O. S., 384, it was held by the Supreme Court that the removal from his ward of a member of a city council should be regarded as creating a vacancy in the office, and that where such vacancy existed the remaining members might lawfully act. The case is a valuable one as indicating the view of that court that the existence of a vacancy did not prevent the transaction of business by the city council so long as a legal quorum remained.

A very instructive case shedding much light on the question under consideration is *Swedback* v. *Olson*, 107 Minn., 420. In

that case the board of county commissioners under the statutes of the state was composed of five members, each representing a district within the county. A representative of one of these districts had failed to qualify and the vacancy thus arising had not been filled, yet the court held that four members could lawfully exercise the powers of the board. The conclusion is arrived at after a careful review of the authorities and a discussion of the principles involved. It is true that the court in discussing the case quotes from a nisi prius decision language expressing doubt whether if a public duty is entrusted to three persons and one dies or is disqualified, the others can act alone, but, under the statutes of Ohio already cited, power is entrusted to a majority of three constituting the board of commissioners, to act, and, therefore, it is apparent that the doubt suggested is not tenable under a statute similar to the one in our state.

Much reliance is placed by counsel for plaintiff on *Wentworth* v. *Farmington,* 49 N. H., 119, and the cases there cited. The New Hampshire statute on which that decision is based is quoted in part in *Palmer* v. *Conway,* 22 N. H., 144, 150. It appears from this case and the various statutes to which reference is therein made, that the appointing power in that state had full authority to fill any vacancy that might arise, temporary or otherwise, at any time, and that the statutes of that state contemplate that the board should always have its full complement of members when action is taken. It is noticeable that *Wentworth* v. *Farmington,* cited *supra,* relies for its conclusions upon no authorities except those within the state of New Hampshire, and we think the authority is not applicable under the statutes of Ohio. We conclude therefore that the two surviving members acting together, are vested with full power to perform the duties of the board.

For the reasons given, the demurrer to the petition will be sustained and the petition dismissed.