McCALEB, Justice.
 

 Plaintiff, an administrative agency of the State, seeks recovery of a $200 penalty which was assessed against defendant corporation for violation of certain rules and regulations established by it for the control of dealers handling liquefied gas.
 

 
 *643
 
 The corporation’s principal defense is that the penalty is illegal because plaintiff Commission has never been organized and established in accordance with the provisions of Section 28 of Article 6 of the LSA-Constitution, as added by Act 563 of 1950. This defense was asserted in limine by an exception of no right or cause of action and, upon referral of the exception to the merits of the case, was reiterated in the answer, along with other defenses. After a trial, the judge sustained the exception and dismissed the suit. Hence this appeal.
 

 Our appellate jurisdiction being invoked solely on the ground that the legality of the penalty imposed by plaintiff is in contest, consideration of the case is limited to that particular issue. City of Shreveport v. Aaldrup, 198 La. 893, 5 So.2d 143 and State Farm Mut. Auto. Ins. Co. v. Ott, 221 La. 1061, 61 So.2d 872. See, also, State v. Bonner, 193 La. 400, 190 So. 625; State ex rel. Chehardy v. New Orleans Parkway Commission, 215 La. 779, 41 So.2d 678 and State v. Dunning, 224 La. 204, 69 So.2d 16.
 

 The claim of illegality of the penalty rests on the premise that plaintiff Commission has never been validly constituted in that only three members have qualified whereas the Constitution provides that the Commission be composed of five persons.
 

 The Commission contends that it was not essential that the full complement of its membership be appointed in order for it to organize and function and that it sufficed for all purposes that a majority of the membership has been qualified, as such majority constituted a quorum for the transaction of its business.
 

 The pertinent part of Section 28 of Article 6 of the Constitution reads:
 

 "There is hereby created a Commission, to be known as the Liquefied Petroleum Gas Commission, with power to sue and be sued and with its domicile in the City of Baton Rouge, Louisiana; said Commission to consist of five members, one of whom shall be the Secretary of State, who shall serve as ex-officio member by virtue of his office ; two members are to be appointed by the Governor; and two members are to be appointed by the Governor from a list containing six or more names selected in the manner hereinafter provided by a majority vote of the Liquefied Petroleum Gas Dealers, as that term is herein defined. In default of such nomination by the Liquefied Petroleum Gas Dealers the Governor shall make the appointments. All appointments by the Governor shall be subject to confirmation by the Senate.
 
 *
 
 * *
 

 “The two members first selected by the dealers shall each serve for a term of three years and their successors shall each serve terms of five years; the Secretary of State shall serve for
 
 *645
 
 a term corresponding with the term of his official office; the two members appointed by the Governor shall each serve for a term of five years. A majority of the membership shall constitute a quorum for the transaction of all business.”
 

 The facts, as stipulated at the trial, are that the entire membership of five authorized by the constitutional provision has never been completed and that the Commission has functioned and operated by a quorum consisting of the Secretary of State and two members appointed by the Governor. The other two members, who were to be appointed by the Governor from a list containing six or more names selected by vote of the Liquefied Petroleum Gas Dealers, have not been appointed. This was probably due to the failure of the Liquefied Petroleum Gas Dealers to comply with the Constitution by selecting and furnishing the Governor with a list of nominees. While the Governor had the right to make the appointments, in the event of the dealer’s default, he has not seen fit to exercise this power.
 
 [1]
 

 The district judge, in sustaining the exception of no right or cause of action,
 
 [2]
 
 expressed the view that, since the Governor did not fill the complement of the Commission by appointing four members, a legal body has never come into existence and all of the acts of the three members are nullities.
 

 We think this is error. The Commission was created and given legal existence by the Constitution. The appointment of the members of the Commission was but a necessary step in the organization of this legal entity so that it might perform the functions for which it was established. Hence, the question is not whether a body corporate was created but whether the entity so created could function through appointment of a less number than its entire membership.
 

 
 *647
 
 Since the constitutional amendment declares that “A majority of the membership shall constitute a quorum for the transaction of all business”, it clearly appears that the Commission is specially authorized and empowered to operate and function with only three members.
 
 [3]
 
 This power would seem to encompass the right to organize the Commission at inception so that its functions could be performed. Indeed, no good reason occurs to us for denying a public board the right of organization prior to the time its entire membership has been selected and qualified provided, of course, that a sufficient number of members, authorized by law to act for the body, have been appointed and qualified.
 

 This is the view of the Supreme Court of California in People ex rel. Hoffman v. Hecht, 1895, 105 Cal. 621, 38 P. 941, 943, 27 L.R.A. 203 with which we are in complete agreement. In that case, the properly constituted authorities ordered an election of a Board consisting of fifteen freeholders to prepare and propose a charter for the City and County of San Francisco. This election was held but two of the fifteen members were unable to qualify. The question presented was whether the remaining thirteen members, who were regularly elected, could constitute a legal board with authority to act. The court answered this question in the affirmative, reasoning:
 

 “If a majority possesses all the authority of the whole, then such majority must be competent to its exercise. For all practical purposes, the majority becomes the full board. It is the receptacle — the reservoir — of all the authority conferred upon the whole, and its action, it is submitted, cannot be stayed by the nonaction, failure to qualify, absence, death, or want of eligibility of the minority.
 

 * * * * * M=
 

 “Under the doctrine which was formerly upheld by many of the courts, that all the members of a board, committee, or commission must meet and deliberate, though a majority could decide, the contention of appellant in support of the theory that the presence and action of all the members is necessary to an organization may be upheld. The concensus of modern opinion, however, is believed to be that, where a majority may act, such majority may organize and act.”
 

 Counsel for defendant would differentiate the Hecht case from this one on the ground, that, there, the people had actually elected the fifteen board members and
 
 *649
 
 thus had done everything that could be done whereas, here, the Governor has not fully exerted his power of appointment.
 

 We see no merit in this postulation as it is difficult to perceive any real difference between the two cases. If an appointee cannot qualify, the appointment is just as ineffective as though no appointment is made. In either case, the right of those legally appointed, constituting a quorum of the entire membership, to organize the Commission and exercise its functions is just the same.
 

 Counsel for defendant also refer to Section 1 of Act 63 of 1950, reenacting Section 1841.1 of Part 1 of Chapter 10 of Title 40 of the LSA-Revised Statutes to read that the five members of the Commission created by the constitutional amendment shall meet and organize as soon after the effective date of said amendment as circumstances permit. From this, it is contended that the Commission could not lawfully organize with less than its full complement of members.
 

 We do not so view the provision. The statement therein that the five members of ■the Commission shall meet and organize was not intended to and did not preclude a lesser number from meeting and organizing as long as there was a quorum present conformably with the constitutional provision, which vested in a majority of the membership the right to transact all business.
 
 [4]
 

 Forasmuch as the District Court has not passed on the other questions raised in the case, of which we are without appellate jurisdiction, a remand is in order.
 

 The judgment appealed from is reversed and the case is remanded for further proceedings in accordance with law and consistent with the views herein expressed. Costs of this appeal are to be paid by defendant.
 

 HAWTHORNE, J., absent.
 

 [1]
 

 . We were informed by counsel during oral argument that the Governor filled the vacancies after the decision of the trial judge herein.
 

 [2]
 

 . Prom a procedural standpoint, the Judge should have dismissed plaintiff’s demand on the merits as the question of the legality of the penalty was not properly triable on an exception of no right or cause of action. An exception of no cause of action addresses itself to the sufficiency in law of the petition and is triable on the face of the papers. Kennedy v. Perry Timber Co., 219 La. 264, 52 So.2d 847, and cases there cited. Here, evidence was required in order to determine the question raised by the exception.
 

 And, while evidence is receivable under an exception of no right of action, it may be admitted only for the purpose of showing that a plaintiff is without capacity to sue or has no interest in the subject matter of the proceeding. Roy O. Martin Lumber Co. v. Saint Denis Securities Co., 225 La. 51, 72 So.2d 257 and cases there cited. The claim in this case is that the penalty is null and not that plaintiff has no capacity to sue or is without interest in enforcing its assessment.
 

 [3]
 

 . It is also well-settled in this country that vacancies in membership, resulting from death, resignation or incapacity, would not affect the legality of the acts of a public body as long as they are authorized by a majority of its membership constituting a quorum. Shoshone Highway Dist. of Lincoln County v. Anderson, 22 Idaho 109, 125 P. 219 and Swedback v. Olson, 107 Minn. 420, 120 N.W. 753 and authorities there cited.
 

 [4]
 

 . Act 63 of 1950 is not an enabling act for the establishment of the Commission, as counsel apparently regard it. It is the constitutional amendment that creates the Commission and provides for its powers and functions. Act 63 of 1950 is merely an adjunct thereto providing for the internal operations of the Commission and specifying in detail various fees and penalties it may assess. The statute was validated by the constitutional amendment, but only insofar as its terms are not inconsistent with the limitation imposed on the powers of the Commission enumerated in the amendment, the provisions of which would unquestionably be self executing without need of legislative enactment. See, Miller v. Greater Baton Rouge Port Commission, 225 La. 1095, 74 So.2d 387.