No. 43,939

In the Matter of the Application of ALBERT MURRAY for a Writ of Habeas Corpus. (ALBERT MURRAY, *Appellant*, v. STATE OF KANSAS, et al., *Appellees.*)

(394 P. 2d 88)

Opinion filed July 14, 1964.

E. *Dexter Galloway,* of Hutchinson, argued the cause and was on the brief for the appellant.

*Michael E. Chalfant,* County Attorney, argued the cause, and *William M. Ferguson,* Attorney General, and *Richard J. Rome* and *Raymond F. Berkley,* Assistant County Attorneys, were with him on the brief for the appellees.

The opinion of the court was delivered by

SCHROEDER, J.: This is a habeas corpus action instituted in the district court of Reno County, Kansas, by the petitioner seeking release from the Kansas State Industrial Reformatory on the ground that an order revoking his parole dated May 21, 1963, was illegal and void because there was not, in fact, a three-man State Board of Probation and Parole as specified in G. S. 1961 Supp., 62-2228.

The issue presented on appeal is whether the petitioner is illegally restrained and deprived of his liberty.

The only question is whether the State Board of Probation and Parole, which on May 21, 1963, had but two members (where the statute provides for a three-member board), was so constituted that it could legally act, with the concurrence of both members, to revoke the parole of the petitioner and deprive him of his liberty.

The facts have been stipulated by the parties. After the enactment of G. S. 1961 Supp., 62-2228, Mr. Looney, Mr. Yeagley and Mr. Leonard were appointed to fill the positions on the full-time State Board of Probation and Parole.

On January 22, 1963, Mr. Leonard resigned, and no successor was appointed under the provisions of the above statute until after the action was taken by the board in the instant case.

On May 21, 1963, Mr. Yeagley and Mr. Looney met and revoked a parole previously granted to the petitioner from a sentence to the Kansas State Industrial Reformatory. In this order revoking the parole both Mr. Yeagley and Mr. Looney concurred.

From and after May 21, 1963, the petitioner has been incarcerated in the Kansas State Industrial Reformatory.

The trial court held the action of the two members to be proper and dissolved the writ, whereupon the petitioner was remanded to the custody of the Superintendent of the Kansas State Industrial Reformatory.

Appeal has been duly perfected by the petitioner presenting the issue heretofore stated.

The only contention made by the petitioner herein is that the action taken on May 21, 1963, which purported to revoke his parole, and which resulted in his being committed to the Kansas State Industrial Reformatory, was illegal and void. If this is correct, the petitioner is being unlawfully deprived of his liberty.

Counsel for the appellant in his brief traces the Kansas history of the State Board of Probation and Parole, which was created for the first time by the legislature in the year 1957. Among the provisions cited is G. S. 1957 Supp., 62-2231, which provides:

"The board shall meet at least once each month, but special meetings may be held upon the call of the chairman or upon petition to the secretary of three (3) members of the board, the date and place of all special meetings to be designated in the call. Three (3) members of the board shall constitute a quorum for the transaction of business but a lesser number may adjourn any regular or special meeting to a definite time and place."

In 1961 the legislature abolished the part-time board consisting of five members and created a new full-time Board of Probation and Parole when the present section of the statute, 62-2228, *supra,* was enacted. It provides in part:

"The state board of probation and parole in existence immediately prior to the effective date of this act is hereby abolished and in its stead a new state board of probation and parole is hereby created which shall consist of three (3) members to be appointed by the governor with the advice and consent of the senate. The term of office of the members of the board shall be four (4) years: *Provided,* That immediately after this act takes effect, the governor shall appoint the members of the new board, one for a term of two years; one for a term of three years; and one for a term of four years. In case of a vacancy

in the membership of the board occurring before the expiration of the term of office, caused by death, resignation, failure of confirmation by the senate, or otherwise, a successor shall be appointed in like manner as original appointments are made, for the remainder of the unexpired term. . . ."

G. S. 1961 Supp., 62-2229 provides for the annual salary of each member of the board, and G. S. 1961 Supp., 62-2230 provides:

"After their appointment, the members of the new board shall meet, and annually thereafter the board shall meet, and organize by electing one of their number as chairman and one of their number as vice-chairman. The director of probation and parole shall act as secretary to the board."

Another statute which has a bearing on this case is the portion of G. S. 1949, 77-201, which provides:

"*Fourth.* Words giving a joint authority to three or more public officers or other persons shall be construed as giving such authority to a majority of them, unless it be otherwise expressed in the act giving the authority."

This statute has been on the books since the year 1868.

The appellant relies on the case of *Railway Co. v. Meyer,* 58 Kan. 305, 49 Pac. 89. It was there held that the provisions of 77-201, *supra,* above quoted, apply "to boards and tribunals, the membership of which is full, and not to a board or tribunal whose membership has never been fully appointed, or if appointed, has become reduced in number, nor to one in whose proceedings the minority has been given no opportunity to participate." (Syl. ¶ 2.)

The appellant argues:

"The legislature granted the power to revoke paroles to the Board. By repealing 62-2231, the Legislature clearly expressed its intention not to have any lesser number than three men exercise this authority. Had they intended something other than a full Board to be able to act, they would not have repealed 62-2231 and would have re-enacted the proviso that a majority constituted a quorum and could exercise the power of the Board.

"This intention is further shown by 62-2228, where the Legislature contemplated a vacancy and provided for the appointment of a successor by the Governor immediately."

We do not agree with the appellant's construction of 62-2228, *supra,* stated in the last paragraph above. While the statute provides that the governor shall make the appointment of the members of the new board immediately after the taking effect of the act, it does not follow that a successor, in case of a vacancy on the board, shall be appointed immediately. The statute merely says he shall be appointed *in like manner.*

The appellant cites *Webster v. Texas & P. Motor Trans. Co.,* 140

Tex. 131, 166 S. W. 2d 75, as supplying the reason for the rule which he propounds, as follows:

"The purpose of the above rule, which requires the board to act as a body at a regular meeting or at a called meeting, upon proper notice, is to afford each member of the body an opportunity to be present and to impart to his associates the benefit of his experience, counsel, and judgment, and to bring to bear upon them the weight of his argument on the matter to be decided by the Board, in order that the decision, when finally promulgated, may be the composite judgment of the body as a whole. . . ." (p. 135.)

Immediately following the above quotation the Texas court said the Supreme Court of Kansas had ably expressed the object of the rule, and then quoted extensively from *P. & F. R. Rly. Co. v. Comm'rs of Anderson Co.*, 16 Kan. 302, at page 309.

But the foregoing statement must be noted in connection with the facts which give rise to its pronouncement. Under the Texas statute creating and regulating the railroad commission, the term "Commissioners" was said to mean "the members of the Railroad Commission of Texas," and the court held it was the intention of the legislature that in making its orders and rules the commission should act as a body of three members, *not as individuals,* and an order passed by two members *at an unscheduled and informal meeting without notice or opportunity of the other member to attend* was not sufficient to make said order effective, on a direct attack by suit brought for that purpose.

In *Railway Co. v. Meyer,* supra, the court held in effect that when three commissioners are appointed for the specific appraisal of real estate which has been condemned, all three commissioners must act as a full body to make the appraisement valid. There one of the commissioners resigned prior to the filing of the commissioners' report, and such report was held void.

Subsequently, in *Hartzler v. City of Goodland,* 97 Kan. 129, 154 Pac. 265, a similar question arose where a vacancy occurred in the city council. The city of Goodland was governed by a mayor and a city council consisting of six members. There was a vacancy in the council occasioned by the permanent removal of one councilman from the city, but the council continued to transact the city business for many months with a council of only five members. An injunction action was filed, and the court held that a proposed issue of bonds to enlarge, repair and improve the water works of the city would not be enjoined on the sole ground that a vacancy existed in the city council at the time the bond issue was determined and authorized.

The court limited the application of *Railway Co. v. Meyer*, supra, and distinguished it by the following language in its opinion:

"It may readily be conceded that where a statutory board is created for the discharge of a special duty, the rule in *Railway Co. v. Meyer*, supra, should be strictly adherred to. But the public business of municipal corporations arises from day to day and should be attended to as it arises. Is it imperative that the functions of local municipal government be suspended in case of a vacancy in the city council? If there are sufficient members of the council remaining in office who vote for and sanction the work to be done or the project to be undertaken to constitue a majority of the entire constituent membership, and not merely a majority of a quorum, it seems that their official action is valid. Tending to support this view are: *Satterlee v. San Francisco*, 23 Cal., 314; *State ex rel., Harty v. Kirk*, 46 Conn. 395; *Knoxville v. Knoxville Water Co.*, 107 Tenn. 647, 64 S. W. 1075; 2 Dillon, Municipal Corporations, 5th ed., § 534, and 2 McQuillan, Municipal Corporations, §§ 593, 594." (p. 133.)

In the instant action the district court concluded that the functions of a full-time State Board of Probation and Parole were equivalent to those exercised by a city council in the transaction of public business arising from day to day, and that such business should be attended to as it arises.

The prevailing rule is set out in 2 Am. Jur. 2d, Administrative Law, § 196, pp. 28, 29, as follows:

"It is sometimes provided by the law governing a particular board or commission that action may be taken by a majority of the membership, or that the majority of the membership shall constitute a quorum for the transaction of business, or a general statute provides that words giving a joint authority to three or more public officers are to be construed as giving such authority to a majority of them, unless it is otherwise expressed in the act giving the authority. Such provisions are held to confer upon the majority all the authority conferred upon the whole, including the authority of a commission to organize at its inception, and the action of the majority cannot be stayed by the nonaction, failure to qualify, absence, death, or want of eligibility of the minority. . . ."

Many cases from other jurisdictions tend to support the general rule above stated. However, each particular case must be considered upon its own facts and carefully analyzed to grasp the significance of the decision. The following cases bear upon this general subject: *Liquefied Petroleum Gas Com'n v. E. R. Kiper Gas Corp.*, 229 La. 640, 86 So. 2d 518; *In re Slavens*, 166 Ohio St. 285, 141 N. E. 2d 887; *Shoshone Highway Dist. v. Anderson*, 22 Ida. 109, 125 Pac. 219; *People v. Hecht*, 105 Cal. 621, 38 Pac. 941; *Bray v.*

*Barry,* 91 R. I. 34, 160 A. 2d 577; and *Incorporated Village of Farmingdale v. Inglis,* 17 App. Div. 2d 655, 230 N. Y. S. 2d 863.

In *People v. Hecht,* supra, the California court said:

". . . If a majority possesses all the authority of the whole, then such majority must be competent to its exercise.

"For all practical purposes the majority becomes the full board. It is the receptacle—the reservoir—of all the authority conferred upon the whole, and its action, it is submitted, cannot be stayed by the nonaction, failure to qualify, absence, death, or want of eligibility of the minority." (p. 627.)

The appellant's argument that repeal of G. S. 1957 Supp., 62-2231 indicates an intention by the legislature that only the full board is authorized to act, in our opinion, is unsound. First, the 1961 act of the legislature abolished a five-man part-time board and created a three-man full-time board, each member of which was given an annual salary. This is a recognition that full-time services of a board are required to transact business from day to day as it arises. Second, there is no point in having two statutes which authorize a majority of the board to act. G. S. 1949, 77-201 is sufficiently complete. It also provides in substance that if the legislature intends the full board to act, it must be expressed in the act giving the authority.

In our opinion the principle announced in *Hartzler v. City of Goodland,* supra, which limits the *Meyer* case to boards and tribunals created for the discharge of a *specific* duty, controls the decision herein. Official authority has been conferred upon the State Board of Probation and Parole, which is made a permanent administrative body composed of three members, by the provisions of G. S. 1961 Supp., 62-2228. There being no statute providing otherwise, the authority conferred upon such administrative body may be exercised by two members of the board, pursuant to the provisions of G. S. 1949, 77-201, where both members concur in the action taken, and the position on the board to be held by the third member is vacant.

The judgment of the lower court is affirmed.

FONTRON, J., not participating.