210

(No. A 196141—Decided July 20, 1965.)

*Mr. Thomas D. Jones,* for plaintiffs.

*Messrs. McAfee, Hanning, Newcomer, Hazlett & Wheeler,* for defendant, The Standard Oil Company; *Mr. Melvin G. Rueger,* prosecuting attorney, and *Mr. Arthur M. Ney,* for Ralph T. Balsly, J. Minard Stevens and Hamilton County Rural Zoning Commission.

Renner, J. This action for injunctive relief was instituted by three owners of separate parcels of real estate in Springfield Township, Hamilton County, Ohio, located within the area designated as "B" Residence District on the Hamilton County Zoning Map of said township. The defendants are the five members of the Hamilton County Rural Zoning Commission, the Secretary of such Commission, the Building Inspector of Hamilton County, Adolph Feibel, and The Standard Oil Company, an Ohio corporation.

The facts are not in dispute. All of the evidence in the case has been admitted upon an agreed statement of facts and a supplement thereto.

The controversy arose over the action which was taken by two of the members of the Hamilton County Board of County Commissioners on April 11, 1963, concerning an application filed

by the defendant, Adolph Feibel, for a zone change in respect to a portion of his property located in Springfield Township in close proximity to the plaintiffs' properties.

The prayer of the petition asks for an injunction to prevent The Standard Oil Company and Adolph Feibel, or either of them, from erecting any building or structure on, or making use of the property which Adolph Feibel sought to have taken out of "B" Residence District and included in "E" Retail Business District. The prayer also asks that the Building Inspector of Hamilton County be ordered to void a building permit which was issued by him to The Standard Oil Company for the construction of a gasoline filling station on the property in question which had been owned by Adolph Feibel. It also asks that the five members of the Hamilton County Rural Zoning Commission and the Secretary of that Commission be ordered to correct the Zoning Map of Springfield Township by restoring the parcel of land formerly belonging to Adolph Feibel to "B" Residence District Zone.

The primary question of law which is raised by the pleadings and the evidence is whether the two members of the Board of County Commissioners in session on April 11, 1963, in the absence of the third member, were authorized by statute to amend the Hamilton County Zoning Resolution and Map.

The agreed statement of facts reveals that on January 8, 1963, Adolph Feibel filed his application to amend the Zoning Resolution and Map with the Hamilton County Rural Zoning Commission; that on January 23, 1963, the Hamilton County Regional Planning Commission, at a regular meeting recommended disapproval of the proposed change; that on February 18, 1963, the Hamilton County Rural Zoning Commission, at a regular meeting, concurred in the Regional Planning Commission's report and directed that the recommendation be submitted to the Hamilton County Board of County Commissioners; that on February 26, 1963, the Secretary of the Rural Zoning Commission transmitted the recommendations to the Board of County Commissioners; that at a regular meeting of the Board of County Commissioners on April 11, 1963, with but two of the commissioners present, the two voted to reverse the recommendation of the Rural Zoning Commission, and to grant the application of Adolph Feibel for a zone change. The minutes

of the meeting recorded the two "aye" votes of those present and the third commissioner was recorded as "absent on leave and not voting."

The agreed statement of facts also shows that, following this action of the County Commissioners, the Secretary of the Rural Zoning Commission on May 24, 1963, caused the Zoning Map of Springfield Township to be changed to indicate that Feibel's application had been granted and his property transferred to "E" Retail Business Zone; that on May 28, 1963, The Standard Oil Company representing itself to be the owner of the parcel of land in question filed an application with the Building Inspector of Hamilton County requesting a building permit for the erection of a gasoline filling station; that such use is not permitted in Residence "B" Zone but is permitted in Retail Business "E" Zone and that on the same day the Building Inspector issued such building permit for the erection of a gasoline filling station.

The agreed statement of facts concedes that plaintiffs are proper parties entitled to bring this action and that all of the appointed or elected officials named as defendants were duly appointed and qualified, and the corporate capacity of The Standard Oil Company is also conceded.

All of the procedural steps which were required to amend rural zoning resolutions are contained in Section 303.12, Revised Code, which was in effect at the times in question. The tenth paragraph of that section, referring to boards of county commissioners, reads as follows:

"Within twenty days after such public hearing the board shall either adopt or deny the recommendation of the zoning commission or adopt some modification thereof. In the event the board denies or modifies the recommendation of the county rural zoning commission the unanimous vote of the board shall be required."

Counsel for plaintiff contends that the affirmative vote of the two members in attendance at the April 11, 1963, meeting of the Board of County Commissioners was not the unanimous vote of the board required by Section 303.12, Revised Code; that the reversal by the two members of the Board of County Commissioners of the Zoning Commission's recommendation

and the granting of Adolph Feibel's application for the zone change was contrary to law and void.

The only case cited by plaintiffs in support of their contention is *Thomas* v. *Board of County Commissioners of Butler County*, 28 Ohio App. 8. The court, in that case, was not called upon and did not attempt to determine the meaning of "the unanimous vote of the board."

Defendants contend that the vote of the two members was sufficient and the County Prosecutor cites *State, ex rel. Green,* v. *Edmondson*, 12 N. P. (N. S.) 577; *Cupp* v. *Board of County Commissioners*, 19 Ohio St. 173; *Kelly* v. *State*, 25 Ohio St. 567; *State, ex rel. D'Alton, Prosecuting Attorney*, v. *Davis*, 5 Ohio App. 43, and *Swedback* v. *Olson*, 107 Minn. 420. The facts in each of these cases are distinguishable from those presented here.

There is, however, ample authority to support the contention of the defendants. The Court of Appeals of Kentucky, in *Gumm* v. *City of Lexington*, 247 Ky. 139, construed Section 3235f-8 of theKentucky statutes which provided methods of procedure for amending zoning regulations. That statute provided that no change or alteration may be made in any prior adopted zoning division over the protest of property owners "unless the change shall be adopted by the unanimous vote of the commission." The court decided that the requirement of that section is satisfied if a quorum is present and the action taken is approved by all of the members present.

Among the numerous authorities which the court cites are: *Missouri Pacific Ry. Co.* v. *Kansas*, 248 U. S. 276; *National Prohibition cases*, 253 U. S. 350, and other cases decided by state courts. The court also cited *McQuillin on Municipal Corporations*, second edition, Volume 2, Section 626. The analogous section is numbered 13.31 in Volume 4, *McQuillin on Municipal Corporations*, third edition.

In the *Gumm case*, at the bottom of page 141, the court commented on the effort of counsel for plaintiff to convince the court that the phrase under consideration embraced all of the members of the zoning commission, and that it was the intention and purpose of the legislature, in employing that language, to require a unanimous vote of all of the members before

any change or alteration could be legally recommended to the board of commissioners for its action. And, continuing, at the top of page 142, the court stated:

"In doing so counsel overlooks, or at least does not refer to, an important distinction pointed out by all courts before which the question has been presented and determined, and which is also approvingly incorporated by all text-writers, in stating the law relating to that question. That distinction is: That where the requirement is for a unanimous vote of 'all of the members of the body,' or 'of all those elected or appointed' as members thereof, or some such impelling words, then the rule for which he contends is the applicable one; but that where the requirement is, as is true in this case, that there shall 'be a unanimous vote' of the body, then the declared rule is that the requirement is satisfied if a quorum is present and the action taken is approved by all of the members present."

Applying this uniformly recognized rule I find that the action of the two members of the Board of County Commissioners of Hamilton County who were present at the April 11, 1963, meeting, granting the application of Adolph Feibel and modifying the Rural Zoning Map so as to include the property in question in "E" Retail Business Zone, met the requirements of the tenth paragraph of Section 303.12, Revised Code; that the Hamilton County Rural Zoning Commission, and the secretary thereof, were thereby authorized to alter the Zoning Map as it pertained to the property in question in Springfield Township and that the building permit, No. 66582, which was issued to The Standard Oil Company for the erection of a gasoline filling station on the premises was properly issued by the Building Inspector in accordance with the Zoning Resolution and Map as modified by the action of the Hamilton County Board of County Commissioners.

The petition of the plaintiffs should, therefore, be dismissed at plaintiffs' costs.

*Petition dismissed.*