THE STATE, EX REL. DRY RIDGE DEVELOPMENT CO. ET AL., APPELLANTS, *v.* HAMILTON COUNTY BOARD OF COMMISSIONERS ET AL., APPELLEES.

(No. C-850296—Decided April 2, 1986.)

Strauss, Troy & Ruehlmann Co., L.P.A., and C. Francis Barrett, for appellants.

Arthur M. Ney, Jr., prosecuting attorney, and Roger E. Friedman, for appellees Hamilton County Board of Commissioners and Hamilton County Regional Planning Commission.

Timothy G. Mara, for intervenors-appellees Jeanne Henggler et al.

KLUSMEIER, J. Dry Ridge Development Company ("Dry Ridge") is the owner of approximately seventy-four acres of real estate extending from Dry Ridge Road on the north to Donald H. Rolf Circle Freeway on the south. The

real estate is east of Prechtel Road and west of Colerain Avenue in the unincorporated area of Colerain Township in Hamilton County. The subject property is zoned for "A" Residence use and Dry Ridge made application to amend the zoning classification of its real estate from "A" Residence to "DD" Planned Multiple Residence, "OO" Planned Office and "EE" Retail Business. The Rural Zoning Commission ("RZC") recommended, with conditions, approval of the requested amendment. The board of county commissioners ("board") denied the amendment. Its resolution of denial received two affirmative votes with one commissioner recorded as abstaining.

Thereafter, Dry Ridge caused a complaint to be filed containing two claims for relief. The first claim, filed by the state of Ohio on the relation of Dry Ridge, sought a writ of mandamus compelling the Hamilton County Regional Planning Commission to act on the final development plan for the improvement of the subject real estate pursuant to the use regulations applicable to zones "DD," "OO" and "EE." The second claim for relief sought a declaratory judgment that the result of the action of the board (two votes to deny the zoning amendment and one abstention) did not constitute the "unanimous vote of the board" as required in order to deny the recommendation of the RZC pursuant to R.C. 303.12(H). The case was presented to the common pleas court on stipulations of fact and the testimony of two witnesses called by the intervening defendants. Those two witnesses were the county commissioner who abstained when the vote was taken and Donald Willig who testified relative to conversations he had had with the commissioner.

The court below caused its written opinion to be journalized on March 1, 1985, and the judgment entry followed on March 29, 1985 resolving the issues in favor of the respondents-defendants and defendants-intervenors who will be collectively identified hereafter as "appellees." The relator and the plaintiff, whom we hereafter identify as "appellants," filed a timely notice of their appeal.

The appellants present for our review one assignment of error as follows:

"The trial court erred as a matter of law in determining that an abstention from voting by a county commissioner who was physically present at the meeting constitutes an affirmative vote to deny the proposed zoning amendment so as to make the vote of the Board of County Commissioners, consisting of all three members being present with two voting for denial and one abstaining, a unanimous vote as required by Ohio Revised Code Section 303.12."

We find the assignment of error to be without merit.

The judgment entry of March 29, 1985 recorded only a general judgment in favor of appellees in accordance with the written opinion which did not directly address the first claim for relief — the application for the writ of mandamus. Because the high prerogative writ must be founded on the existence of a clear legal duty which, in turn, is dependent upon the declaration of the rights of the parties under the provisions of R.C. 303.12(H), the denial of the writ is implicit in the opinion finding no such duty because the board denied the recommendation of the RZC.

In pertinent part, R.C. 303.12(H) provides as follows:

"Within twenty days after such public hearing[,] the board shall either adopt or deny the recommendation of the zoning commission or adopt some modification thereof. In the event the board denies or modifies the recommendation of the county rural zoning commission[,] the unanimous vote of the board shall be required. * * *"

Thus, we are presented with the

ultimate question upon which this appeal depends, namely: Does this provision of the Revised Code require unanimity among the commissioners present or among those voting, assuming, of course, a quorum is present? The appellants urge that the unanimity must be of those present; the appellees urge that the unanimity must exist among those voting.

It is significant to note in the resolution of this problem that the language adopted by the legislature in enacting R.C. 303.12 does not include words indicating that unanimity is required among those present, as has been done in other statutes.[1] A majority of the board of county commissioners constitutes a quorum of the board and is, in law, the board authorized to transact business. *Cupp* v. *Bd. of Commrs. of Seneca Cty.* (1869), 19 Ohio St. 173; *Kelly* v. *State, ex rel. Brown Cty. Commrs.* (1874), 25 Ohio St. 567, paragraph three of the syllabus. We conclude that the unanimity required by R.C. 303.12(H) is among those constituting a quorum and voting. In a zoning matter requiring the "unanimous vote of the board" in order to deny the recommendation of the zoning commission a lower court has held that the unanimous requirement was met by two votes when the third commissioner was not present. *Seyler* v. *Balsly* (C.P. 1965), 5 Ohio Misc. 210, 32 O.O. 2d 444, 210 N.E. 2d 747.

In the case on review, the third commissioner was physically present but abstained from voting on the proposition. Under that circumstance we find that a unanimous vote was cast. To abstain from voting is to withhold a vote either pro or contra the proposition under consideration. Among those voting all were of a like mind and the number of those voting was sufficient to constitute a quorum. Since no negative vote was cast on the resolution to deny the recommendation of the RZC, and since a quorum was present and voting, it is our conclusion that the vote of the board was unanimous.

The assignment of error is not well made. The judgment of the lower court is affirmed.

*Judgment affirmed.*

KEEFE, P.J., and BLACK, J., concur.

[1] For example, R.C. 305.23 (repealed, effective September 23, 1985) provided as follows:

"No proposition involving an expenditure of one thousand dollars or more shall be agreed to by the board of county commissioners, unless twenty days have elapsed since the introduction of the proposition, *unless by the unanimous consent of all the members of the board present,* which consent shall be taken by yeas and nays and entered on the record." (Emphasis added.)