HEARD:    September 20, 2006
CIRCULATED:  September 21, 2006
PANEL:    JDP #1; UGT#2; JCP#3
RECOMMEND:  Publish

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-1378

LORI CUNNINGHAM

VERSUS

STATE OF LOUISIANA, DEPARTMENT
OF HEALTH AND HOSPITALS, THE BOARD
OF PHYSICAL THERAPY EXAMINERS

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20046181
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and J. David Painter, Judges.

AFFIRMED.

Glenn R. Ducote
2148 Government Street
Baton Rouge, LA 70806
Counsel for Defendant-Appellant:
    Louisiana State Board of Physical
    Therapy Examiners

George M. Papale
P. O. Box 640637
Kenner, LA 70064
Counsel for Defendant-Appellant:
    Louisiana State Board of Physical
    Therapy Examiners

**Lewis O. Unglesby**
**Robert M. Marionneaux, Jr.**
**Samuel C. Ward, Jr.**
**246 Napoleon Street**
**Baton Rouge, LA 70802**
**Counsel for Plaintiff-Appellee:**
      **Lori Cunningham**

PAINTER, Judge.

The Louisiana State Board of Physical Therapy Examiners (LSBPTE) appeals the trial court's grant of a motion to vacate filed on behalf of Plaintiff, Lori Cunningham (Cunningham). Finding that the trial court did not err in vacating the LSBPTE adjudication decision against Cunningham in Case #2003-I-12 because that proceeding did not comply with La.R.S. 37:2401.1, rendering it constitutionally defective, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Cunningham is a licensed physical therapist in the State of Louisiana. State Farm Mutual Automobile Insurance Company filed a complaint with LSBPTE against Cunningham alleging violations of the Physical Therapy Practice Act. On June 14, 2004, LSBPTE lodged a formal administrative complaint against Cunningham bearing Case #2003-I-12. A hearing on that complaint was held on September 23, 2004.

The members of LSBPTE who attended the hearing on September 23, 2004 were Mark Brown, Becky Lege, Teresa Lynn Maize, Mike Sheffield, and Kimberly Shook, all of whom were physical therapists. Apparently, two of these were regularly appointed LSBPTE board members and three were pro tem board members. Two other regularly appointed board members were required to withdraw because of their participation in the investigation of the complaint against Cunningham. The interim appointment of the physician member, Dr. Stanley W. Foster, had expired on June 21, 2004, and his name was not submitted to the Louisiana Senate for confirmation as required by law. The physician member seat remained vacant until March 16, 2005.

On November 19, 2004, LSBPTE rendered a decision suspending Cunningham's license for a minimum of nine months and thereafter until she

1

completed remediation in a professional physical therapy curriculum in the areas of medical legal issues and ethics as they relate to the practice of therapy and three years of supervised probation. On December 28, 2004, Cunningham filed a petition for judicial review and stay order in the Fifteenth Judicial District Court. Cunningham next filed a motion to vacate the administrative adjudication on March 31, 2005. In that motion, Cunninham alleged that the hearing was held in violation of La.R.S. 37:2401.1, in that the board was comprised of five physical therapists and no licensed physician. The trial court agreed with Cunningham and granted her motion to vacate. LSBPTE now appeals, alleging that the trial court committed reversible error in vacating the LSBPTE's adjudication decision against Cunningham. In sum, LSBPTE argues that a vacancy in the physician member seat does not create a constitutional defect or a legal impediment to LSBPTE's ability to conduct official business. The sole issue for consideration on this appeal is whether or not the trial court correctly granted Cunningham's motion to vacate.

## DISCUSSION

Louisiana Revised Statutes 37:2401.1 provides, in pertinent part:

> B. The board shall consist of five members who shall be appointed by the governor as follows:
>
> (1) Three members shall be physical therapists who possess an unrestricted license to practice physical therapy and who have been practicing in the state for no less than three years.
>
> (2) One member shall be a physical therapist who possesses an unrestricted license to practice physical therapy and has been practicing in the state for no less than three years and appointed from a list of names submitted by the Louisiana Hospital Association.
>
> (3) One member shall be a physician who possesses an unrestricted license to practice medicine in the state who specializes in the practice of orthopedic surgery or the practice of physiatry and appointed from a list of names submitted by the Louisiana State Medical Society.

2

Louisiana Revised Statutes 49:964(G) provides, in pertinent part:

The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.

The district court has the authority to reverse the decision of any agency if substantial rights of the party who seeks review have been prejudiced because the agency's decision is in violation of statutory provisions or made upon unlawful procedure. *Sanders v. Pilley*, 96-196 (La.App. 1 Cir. 11/8/96), 684 So.2d 460, *writ denied* 97-352 (La. 3/21/97), 691 So.2d 90; La.R.S. 49:964(G). There is no dispute that there was no licensed physician on the board at the times relevant herein. The provisions of La.R.S. 37:2401.1 concerning the composition of the board are mandatory. Therefore, we agree with the trial judge that hearing conducted in the absence of a licensed physician member on the board was in violation of the statute which rendered the decision one made upon unlawful procedure. Thus, we are not inclined to reverse his grant of Cunningham's motion to vacate.

3

We are also not persuaded by LSBPTE's argument that Cunningham cannot now challenge the composition of the board because she did not object to it at the time of the hearing. The trial court made a factual finding that neither Cunningham nor her attorney had any knowledge of the defect in the composition of the board at the time of the hearing and we find no reason to disturb that finding.

Furthermore, LSBPTE's argument that since La.R.S. 37:2401.1(I) provides that "[t]hree members of the board shall constitute a quorum for any business before the board," the hearing in this case was properly conducted is likewise unpersuasive. Compliance with this section does not negate the fact that the composition of the board was not in compliance with statutory mandates.

### DECREE

For the foregoing reasons, the trial court's judgment vacating the LSBPTE's adjudication decision against Lori Cunningham in Case #2003-I-12 is affirmed. Costs of this appeal are assessed to Defendant-Appellant, LSBPTE.

**AFFIRMED.**