CLARK, Justice.
hWe granted this writ application to determine whether the minimum monthly salary referenced in La.R.S. 33:1992 includes the supplemental amount paid by the municipality for purposes of calculating wage differentials for higher-ranking firefighters. We find the interplay between La.R.S. 33:1992 and R.S. 33:2002 necessitates the exclusion of the enhanced amount of $300 from the base pay of a firefighter when calculating the pay differentials. Thus, we reverse the grant of partial summary judgment as to liability against the City of West Monroe in this suit and grant summary judgment in favor of the City of West Monroe, dismissing the plaintiffs’ suit in its entirety.
FACTS AND PROCEDURAL HISTORY
Pursuant to La. R.S. 33:2002(A)(1), the state of Louisiana pays firefighters a state supplement of $500 per month beginning after a firefighter’s first year. The legislature in 2006 amended La.R.S. 33:2002(A)(3) to allow a municipality to pay first-year firefighters a supplemental monthly payment “in the amount equivalent to the state supplemental pay, or any portion thereof’ and to authorize termination of such payment at the end of the first year as long as the reduction is disclosed in writing at the time the firefighter is hired. In compliance with La.R.S. 33:2002, the City of West Monroe (“the City”) paid a city supplement in the *332 amount of |¾$300 to its first-year firefighters.
In the instant litigation, there are five ranks of firefighters: firefighter, engineer/operator, fire captain, assistant fire chief, and chief. La.R.S. 33:1992(A) sets forth the minimum salaries to be paid to the differing ranks of firefighters, basing the pay differential on specified percentages above the “minimum monthly salary” of a first-year firefighter. The City did not include the $300 supplemental payment in its computation of the “minimum monthly salary.”
On March 1, 2010, current and former firefighters for the City of West Monroe (“Plaintiffs”) filed suit against the City, alleging that the pay practices in use violated La.R.S. 33:1992. Particularly, Plaintiffs argued the base salary, or “minimum monthly salary”, which is used to compute percentage differentials for higher ranking firefighters, failed to include the city supplemental pay of $300 per month. They contended the correct minimum monthly salary was $1,800, reflecting the $1,500 base salary in addition to the $300 supplemental salary. Without the supplement, the first year firefighters’ pay would not meet the minimum wage required by federal law. Conversely, the City argued the proper minimum monthly salary was $1,500 because the city supplement is only a temporary monthly payment given to first-year firefighters.
Plaintiffs amended their petition to include a claim under the Louisiana Wage Act pursuant to La.R.S. 23:631 for former employees to recover unpaid wages. Penalty wages and attorney fees were also sought.
On July 21, 2011, Plaintiffs filed a motion for partial summary judgment as to liability against the City. The City filed an opposition to Plaintiffs’ motion for partial summary judgment and filed a cross-motion for summary judgment as to all the claims brought by Plaintiffs, arguing that La.R.S. 33:2002 specifically | ^authorizes the City to calculate pay differentials in a manner that excludes the city supplemental pay.
The trial court held a hearing on the motions. It granted Plaintiffs’ motion for partial summary judgment as to the claims under La.R.S. 33:1992 for current firefighters and 23:631 for former firefighters. Additionally, it awarded attorney fees in the amount of $500. The trial court denied the City’s motion for summary judgment. In support of its judgment, the trial court explained:
The wage differentials set forth in La. R.S. 33:1992 shall be calculated on the actual minimum monthly salary (or starting base pay) of a fireman, including the city supplemental pay. The court specifically finds that the defendant City may not base the minimum monthly salary of first year firefighters for purposes of La.R.S. 33:1992 on an amount that does not meet the applicable minimum wage requirements of the Fair Labor Standards Act, 29 U.S.C. § 206. The defendant City’s policy of excluding the City supplemental pay from this calculation pursuant to La.R.S. 33:2002(A)(3)(a)-(c) contravenes La.R.S. 33:1992.
The court of appeal upheld the portion of the trial court’s judgment that granted Plaintiffs motion for partial summary judgment, but it reversed the ruling on attorney fees and remanded the matter for purposes of determining an award of back pay and appropriate attorney fees.[1] The City filed a writ application with this court.
*333 We granted certiorari to determine whether La.R.S. 38:1992 obligates the City to include the supplemental pay as part of the “minimum monthly salary” of first-year firefighters for purposes of calculating wage differentials for higher ranking firefighters.[2]
| ..APPLICABLE LAW
Summary judgments are reviewed de novo on appeal, with the reviewing court using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate, whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Louisiana Safety Ass’n of Timbermen Self-Insurers Fund v. Louisiana Ins. Guar. Ass’n, 2009-0023, p. 5 (La.6/26/09), 17 So.3d 350, 353. A court must grant a motion for summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ. P. art. 966(B); Costello v. Hardy, 2003-1146, p. 8 (La.1/21/04), 864 So.2d 129, 137.
DISCUSSION
As follows, La. R.S. 33:1992(A) sets forth the wage differentials for the differing ranks of firefighters and establishes that the salaries are based on the “minimum monthly salaries” of firefighters:
A. The minimum monthly salaries of firemen in municipalities having a population of twelve thousand or more and in the city of Bastrop and of all parish and fire protection district paid firemen, including salaries payable out of the avails of any special tax provided by the Constitution of Louisiana for increasing the pay of firemen, shall be in accordance with the following schedule, and such salaries shall be paid semi-monthly not later than the fifth and twentieth day of each calendar month:
(1) A fireman shall receive a minimum monthly salary of four hundred dollars per month.
(2) Engineers shall receive a minimum monthly salary of not less than ten percent above that of a fireman.
(3) Lieutenants shall receive a minimum monthly salary of not less than fifteen percent above that of a fireman.
ls(4) Captains shall receive a minimum monthly salary of not less than twenty-five percent above that of a fireman.
(5) Battalion chiefs and district chiefs shall receive a minimum monthly salary of not less than forty percent above that of a fireman.
(6) Assistant chiefs and deputy chiefs shall receive a minimum monthly salary of not less than fifty percent above that of a fireman.
(7) A mechanic or assistant mechanic, or any other person doing this type of work for the fire department, shall receive a minimum monthly salary of not less than twenty-five percent above that of a fireman.
(8) A superintendent of fire alarm system, or any other person doing this type of work for the fire department, shall receive a minimum monthly salary of not less than forty percent above that of a fireman.
(9) A fire alarm operator or dispatcher, or any other person doing this type of work for the fire department, shall re *334 ceive a minimum monthly salary of not less than twenty-five percent above that of a fireman.
(10) A fire inspector shall receive a minimum monthly salary of not less than twenty-five percent above that of a fireman.
At issue is whether the $300 city supplement is to be considered part of the “minimum monthly salary” of a first-year firefighter. The City argues La.R.S. 33:2002(A)(3) specifically authorizes the exclusion of the city supplement. La.R.S. 33:2002 provides, in pertinent part:
A. (1) In addition to the compensation now paid by any municipality, parish, fire protection district, or other political subdivision maintaining a fire department, or by the Chitimacha Tribe of Louisiana or the Coushatta Tribe of Louisiana, hereinafter referred to as “tribe”, or by any nonprofit corporation contracting with any such political subdivision to provide fire protection services to every paid, regularly employed employee who is paid not less than three hundred dollars per month, not including supplemental pay, as distinguished from part-time employees and volunteers of such fire department, who are carried on the payroll of such fire department, and every employee as defined herein who is paid from funds of the parish or municipality or tribe obtained through lawfully adopted bond issues, lawfully assessed taxes, or other funds available for such purpose, either directly or through a board or commission set up by law or ordinance of the parish or municipality or tribe, shall be paid extra compensation by the state in the amount of five hundred dollars \ fíper month for each such paid employee who has completed or who hereafter completes one year of service.
(3)(a) A municipality, parish, fire protection district, or other political subdivision maintaining a fire department, or the Chitimacha Tribe of Louisiana or the Coushatta Indian Tribe of Louisiana, or any nonprofit corporation contracting with any such political subdivision to provide fire protection services may enhance the first-year salary of every paid, regularly employed employee in the amount equivalent to the state supplemental pay, or any portion thereof, that the employee shall be entitled to be paid after one year of service pursuant to this Subpart.
(b) Any such municipality, parish, fire protection district, or other political subdivision maintaining a fire department, or the Chitimacha Tribe of Louisiana or the Coushatta Indian Tribe of Louisiana, or nonprofit corporation contracting to provide fire protection services shall disclose, in uniting, at the time the employee is hired that such enhancement shall be paid only during the first year of employment.
(c) Notwithstanding any other provision of law to the contrary, no municipality, parish, fire protection district, or other political subdivision maintaining a fire department, or the Chitimacha Tribe of Louisiana or the Coushatta Indian Tribe of Louisiana, or any such nonprofit corporation contracting to provide fire protection services, shall be subject to penalty for reducing the salary of any employee whose salary has been enhanced pursuant to this Paragraph for one year by an amount not exceeding the amount of such enhancement. Any such reduction shall not be void as provided in R.S. 33:2218.5.
(Emphasis added).
La.R.S. 33:2002(A)(3) provides for the enhancement of the salary of first-year firefighters in an amount equivalent to or *335 less than the state supplemental pay of $500 that begins after the first year of service. Effective July 1, 2006, if a municipality discloses in writing that such payment will only be paid during the first year of employment, the municipality is protected from penalty for reducing the salary of a firefighter by an amount not exceeding the amount of the enhancement. The City argues the lower courts’ inclusion of the $800 in the definition of “minimum monthly salary” renders La.R.S. 33:2002(A)(3)
17meaningless because the City could never effectively reduce the temporary city supplemental pay. In effect, the $300 will always be owed to higher ranking firefighters in addition to the percentage above the $300 amount.
Further, the City contends that because the city supplement is only paid for a twelve-month period, it is temporary by nature and cannot be considered part of the “minimum monthly salary” that acts as a base from which all percentage increases are set for years to come.
Plaintiffs aver the city supplement should be included in the calculable base pay for pay differentials because without the supplement, the first-year firefighters’ salaries do not meet the minimum wage requirements of the Fair Labor Standards Act. Citing to Johnson v. Marrero-Estelle Volunteer Fire Company No. 1, 04-2124 (La.04/12/05), 898 So.2d 351, 354 which reiterated language used in Neiv Orleans Firefighters Assoc. v. Civil Service Commission of City of New Orleans, 422 So.2d 402, 412 (La.1982), they argue the city’s pay practice thwarts the legislative purpose of La. R.S. 33:1992 insofar as the goal of the statutory scheme is to eradicate poor working conditions for fire department employees:
The provisions of La.R.S. 33:1991 et seq. are “remedial and humanitarian in purpose and must not be interpreted narrowly.” We described the “motive and purpose” behind these laws was “plainly to make effective [the legislature’s] conception of public policy that substandard labor conditions in city, parish and other local fire departments should be eliminated as injurious to the safety and welfare of the public as well as detrimental to the health, efficiency and morale of firefighters.”
Plaintiffs contend that the City’s use of a sum for base pay that does not comply with the federal minimum wage standards contravenes the purpose of the statute.
In response, the City explains that a lesser amount than $300 would satisfy the City’s obligation to comply with the Fair Labor Standards Act; that federal law | 8is in no way being violated and that plaintiffs did not bring a claim alleging violations of federal law; that, as evidenced by La.R.S. 33:2002, the legislature did not intend for the base rate to be set at the federal minimum wage; and that the federal minimum wage law is irrelevant to the interpretation and application of La.R.S. 33:1992. For the reasons that follow, we agree with the City.
Under the Fair Labor Standards Act, wages include all remuneration paid to an employee. 29 U.S.C. § 207. It is undisputed that all remuneration given to first-year firefighters, whether it be base pay, supplemental pay, or incentive pay, exceeds the federal minimum wage requirement. Thus, there is no cause of action under federal law.
Nothing in the language of La. R.S. 33:1992 requires the “minimum monthly salary” to independently meet the federal minimum wage laws. If the legislature had intended for the base pay of La.R.S. 33:1992 to be governed by the mandates of the Fair Labor Standards Act, it could have directly referenced it *336 therein. “Legislative language will be interpreted on the assumption that the Legislature was aware of existing statutes, rules of construction, and judicial decisions interpreting those statutes.” Fontenot v. Reddell Vidrine Water Dist. 02-0439, pp. 13-14 (La.1/14/03), 836 So.2d 14, 24. It is impossible to say the legislature was not cognizant of the Fair Labor Standards Act, when it references it separately within the same statutory scheme. (See La.R.S. 33:1994(A), which provides: “[ojvertime compensation for firefighters covered by this Subpart ... shall be governed by the provisions of the federal Fair Labor Standards Act, as implemented in 29 CFR Part 553.”) Thus, if the legislature intended for the federal minimum wage to be incorporated into the definition of “minimum monthly salary” in La.R.S. 33:1992, it could and would have done so expressly.
[^Additionally, we find that the lower courts’ rulings interpret La.R.S. 33:1992 in a manner that fails to give effect to La.R.S. 33:2002. In statutory interpretation, there is a well-settled presumption that “every word, sentence or provision in the statute was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used.” ABL Mgmt., Inc. v. Bd. of Supervisors of Southern Univ., 00-0798, p. 6 (La.11/28/00), 773 So.2d 131, 135. Thus, our courts must “give effect to all parts of a statute and construe no sentence, clause or word as meaningless.” Moss v. State, 05-1963, p. 15 (La.4/4/06), 925 So.2d 1185, 1196. It is further presumed that the legislature did not insert “idle, meaningless or superfluous language in the statute or that it intended for any part or provision of the statute to be meaningless, redundant or useless.” ABL Mgmt., Inc., 00-798, p. 6, 773 So.2d at 135.
Acknowledging that state supplemental pay is not provided to beginning firefighters, the legislature in La. R.S. 33:2002 allows a municipality to provide a supplemental enhancement to firefighters in their first year of employment and to stop payment of that supplemental pay at the end of the year if the municipality advises the firefighter in writing at the time of hiring that the supplemental amount will be reduced from their salary. Subsection (c) specifically states that “no municipality ... shall be subject to penalty” for the described reduction. Requiring the City to include the supplemental pay in the base pay of entry level firefighters and thereby cause it to serve as the amount on which all higher-ranking firefighters’ salaries are based effectively prevents the City from doing what La.R.S. 33:2002 specifically authorizes it to do, i.e., stop payment of the supplemental pay after the employee’s first year. Instead, the City would be |inrequired to continue paying the supplement to higher ranking firefighters in addition to the applicable percentage increase. This practice renders the statute meaningless and does not further the legislative intent of increasing the pay of first-year firefighters. Contrarily, it acts as a disincentive against the City giving more money to a first-year firefighter beyond that which is required under federal law because a limited municipal budget cannot support a temporary pay increase that is effectively permanent.
Accordingly, we find under the plain language of La.R.S. 33:1992 and La. R.S. 33:2002, the city supplemental pay of $300 per month is not included in the calculation of a first-year firefighters’ “minimum monthly salary” for purposes of determining wage differentials for higher-ranking firefighters. Federal minimum wage law is unrelated to and irrelevant in this analysis.
*337 DECREE
For the reasons stated herein, we reverse the grant of partial summary judgment in favor of Plaintiffs and grant the City’s cross-motion for summary judgment, dismissing all of Plaintiffs’ claims.
REVERSED; JUDGMENT RENDERED.
KNOLL, Justice, dissents and assigns reasons.

. See West Monroe Firefighters Local 1385, et al. v. City of West Monroe, 47,333 (La.App. 2 *333 Cir. 8/1/12), 103 So.3d 481.

. See West Monroe Firefighters Local 1385, et al. v. City of West Monroe, 12-1937 (La. 11/21/12), 102 So.3d 49.