# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #027

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **26th day of June, 2019**, are as follows:

**PER CURIAM**:

2018-C-2042      KEVIN E. BIAS v. LOUISIANA PHYSICAL THERAPY BOARD (Parish of Lafayette)

In this case, we are called upon to decide whether a regulatory board has authority to conduct disciplinary proceedings when there is a vacancy in its statutorily-mandated composition. For the reasons that follow, we find the court of appeal erred in finding the board's actions were invalid because it was not lawfully constituted at the time of its actions in this case.

REVERSED AND REMANDED.

SUPREME COURT OF LOUISIANA

No. 2018-C-2042

KEVIN E. BIAS

VERSUS

LOUISIANA PHYSICAL THERAPY BOARD

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
THIRD CIRCUIT, PARISH OF LAFAYETTE

PER CURIAM

In this case, we are called upon to decide whether a regulatory board has authority to conduct disciplinary proceedings when there is a vacancy in its statutorily-mandated composition. For the reasons that follow, we find the court of appeal erred in finding the board's actions were invalid because it was not lawfully constituted at the time of its actions in this case.

FACTS AND PROCEDURAL HISTORY

The Louisiana Physical Therapy Board ("Board") was established under the provisions of La. R.S. 37:2403. That statute requires the Board shall consist of seven members appointed by the governor and further provides at least one member shall be a licensed physician. La. R.S. 37:2404 additionally provides that "all meetings shall be held at the call of the chairman or at a call of a quorum of members" and that "[a]ny four members of the board shall constitute a quorum for any business before the board."

The instant litigation arose when the Board filed an administrative complaint against physical therapist Kevin Bias after he was arrested for an alleged aggravated

assault while driving. The matter proceeded to a hearing.

At the hearing, the Board was composed of five members. The acting chairperson introduced the board members and asked for objections to the makeup of the panel. Counsel for Mr. Bias responded there were none. The Board's counsel then added:

> In addition, the Board composition includes a physician. That position is currently unfilled, but we do have a quorum. So, I want to make sure that everybody is aware of that on the record as a housekeeping matter.

Mr. Bias's counsel did not raise any objections to the composition of the Board. At the conclusion of the hearing, the Board suspended Mr. Bias's physical therapy license with conditions for reinstatement.

Mr. Bias appealed the Board's decision to the district court. The district court affirmed the Board's order.

Mr. Bias then appealed to the court of appeal. On appeal, he raised six assignments of error, including an assignment that the Board's composition was not in accordance with the statutory mandates and its decision was therefore invalid.

In an opinion not designated for publication, the court of appeal reversed the judgment of the district court and vacated the order of the Board suspending Mr. Bias's license to practice physical therapy. *Bias v. Louisiana Physical Therapy Board*, 2018-225 (La. App. 3 Cir. 11/14/18) (unpublished). Citing its opinion in *Cunningham v. State, Dept. of Health & Hospitals*, 05-1378 (La. App. 3 Cir. 9/27/06), 939 So.2d 695, *writ denied*, 06-2597 (La. 2/22/07), 949 So.2d 427, the court held the decision by Board was in violation of statutory provisions and made upon unlawful procedure on the ground no licensed physician sat on the Board. Having granted relief on this ground, the court of appeal pretermitted the remaining assignments of error.

2

Upon the Board's application, we granted certiorari to consider the correctness of this decision. *Bias v. Louisiana Physical Therapy Board*, 2018-2042 (La. 3/6/19), ___ So. 3d ___.

## DISCUSSION

The composition of the Louisiana Physical Therapy Board is set forth in La. R.S. 37:2403, which provides:

> A. The Louisiana Physical Therapy Board, hereinafter referred to as the "board," is hereby created within the Louisiana Department of Health. The board shall be domiciled in Lafayette Parish.
>
> B. The board shall consist of eight members who shall be appointed by the governor as follows:
>
>         * * *
>
> **(5) One member shall be a physician who possesses an unrestricted license to practice medicine in the state and who specializes in the practice of orthopedic surgery or the practice of physiatry and shall be appointed from a list of names submitted by the Louisiana State Medical Society.** [emphasis added].

In the case at bar, it is undisputed that at the time of Mr. Bias's hearing, the position for a licensed physician on the Board remained unfilled. However, the Board points out it had a quorum of five members at the time of the hearing and invites our attention to La. R.S. 37:2404, which provides, in pertinent part:

> A. The board shall meet at least semiannually, on a date and at a time and place as it may designate, which shall include at least a meeting in January of each year to elect a chairman and secretary-treasurer from its membership. **All meetings shall be held at the call of the chairman or at a call of a quorum of members upon not less than ten days written notice, unless such notice is waived.** The presence of any member at any such meeting of the board shall constitute a waiver of notice thereof by such member. Notice shall comply with the provisions of R.S. 42:19.

3

B. **Any four members of the board shall constitute a quorum** for any business before the board. [emphasis added].

Over sixty years ago, this court addressed a similar question in *Liquefied Petroleum Gas Comm. v. E.R. Kiper Gas Corp.*, 229 La. 640, 86 So.2d 518 (1956). In that case, the Liquefied Petroleum Gas Commission ("Commission") sought penalties against Kiper Gas for violations of regulations that governed the handling of liquefied gas. Kiper Gas filed an exception of no cause of action, arguing the penalty was illegal because the Commission was not established in accordance with the provisions of La. Const. Art. 6, § 28 (1921) as it contained three qualified members instead of the five required by the constitution because the governor had not yet appointed its entire membership. The district court granted the exception. This court reversed, finding the constitutional provision explicitly authorized the Commission to operate with a three-member quorum. In reaching this conclusion, the court stated:

> The district judge, in sustaining the exception of no right or cause of action, expressed the view that, since the Governor did not fill the complement of the Commission by appointing four members, a legal body has never come into existence and all of the acts of the three members are nullities.
>
> We think this is error. The Commission was created and given legal existence by the Constitution. The appointment of the members of the Commission was but a necessary step in the organization of this legal entity so that it might perform the functions for which it was established. Hence, the question is not whether a body corporate was created but whether the entity so created could function through appointment of a less number than its entire membership.
>
> **Since the constitutional amendment declares that 'A majority of the membership shall constitute a quorum for the transaction of all business', it clearly appears that the Commission is specially authorized and empowered to operate and function with only three members. This power would seem to encompass the**

**right to organize the Commission at inception so that its functions could be performed.** Indeed, no good reason occurs to us for denying a public board the right of organization prior to the time its entire membership has been selected and qualified provided, of course, that a sufficient number of members, authorized by law to act for the body, have been appointed and qualified.

229 La. 640 at 647, 86 So. 2d 518 at 520 [emphasis added].

*Liquified Petroleum* stands for the clear proposition that a board may be authorized and empowered to act with a specified quorum. In the instant case, the legislature, through La. R.S. 37:2404(B), expressly provided, "[a]ny four members of the board shall constitute a quorum for any business before the board." It is undisputed that such a quorum existed at the time of Mr. Bias's hearing.

Nonetheless, Mr. Bias contends La. R.S. 37:2404 is limited to establishing the quorum requirements for "meetings" of the Board. He draws a distinction between general meeting of the Board and hearings conducted pursuant to the board's disciplinary authority.

We see no authority for such a narrow and strained reading of the language of La. R.S. 37:2404. Subsection B of that statute provides that four members shall constitute a quorum for "any business before the board." Webster's College Dictionary defines "business" as "something with which a person is rightfully concerned." Clearly, the Board's authority to impose discipline under La. R.S.37:2420 is part of its rightful concern and falls within the scope of the Board's business.

Mr. Bias also cites the court of appeal's opinion in *Cunningham* for the proposition that compliance with the quorum requirements "does not negate the fact that the composition of the board was not in compliance with statutory mandates." *Cunningham*, 939 So. 2d 695 at 698. Thus, he reasons any actions undertaken by the

5

improperly-constituted Board are void *ad initio*.

As discussed earlier, La. R.S. 37:2404 authorizes the Board to act through a quorum. At the time of *Cunningham*, former La. R.S. 37:2401.1(I) provided, "[t]hree members of the board shall constitute a quorum for any business before the board." In 2009, several years after *Cunningham* was rendered, the legislature enacted the current version of La. R.S. 37:2404(B), which provides, "**[a]ny** four members of the board shall constitute a quorum for any business before the board. [emphasis added].

In statutory interpretation, there is a well-settled presumption that "every word, sentence or provision in the statute was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used." *West Monroe Firefighters Local 1385 v. City of West Monroe*, 2012-1937 (La. 3/19/13), 111 So.3d 330, 336. Thus, our courts must "give effect to all parts of a statute and construe no sentence, clause or word as meaningless." *Moss v. State*, 05-1963 (La.4/4/06), 925 So.2d 1185, 1196. It is further presumed that the legislature did not insert "idle, meaningless or superfluous language in the statute or that it intended for any part or provision of the statute to be meaningless, redundant or useless." *ABL Management, Inc. v. Board of Supervisors of Southern University*, 00–0798 (La.11/28/00), 773 So.2d 131, 135.

By using the phrase "any four members," it is obvious the legislature did not intend to place any restriction on the composition of the quorum of members through which the Board may transact its business. Mr. Bias's interpretation would force us to ignore this language and find the board is precluded from acting unless its entire seven-member composition is present. We decline to adopt this interpretation, as it would render the phrase "any four members" in La. R.S. 37:2404(B) meaningless.

In summary, we conclude the Board was authorized to act through a quorum

6

as provided by La. R.S. 37:2404(B). The court of appeal's holding that the Board's action was void because it was improperly constituted is reversed. Because the court of appeal pretermitted consideration of the remaining assignments of error in Mr. Bias's appeal, we will remand the case to the court of appeal to address these assignments.

**DECREE**

For the reasons assigned, the judgment of the court of appeal is reversed. The case is remanded to the court of appeal for consideration of the remaining assignments of error raised in the appeal.