Jones, E. H., P. J.
The sole question presented to this court in this case is whether or not a com *64 missioner bearing a commission from a court in the state of New York, authorizing him to take depositions in this state, can compel the giving of testimony by committing to jail for contempt a witness who refuses to be sworn.
It is well settled by the case of DeCamp v. Archibald, 50 Ohio St., 618, that a notary public of Ohio before whom depositions are being taken for use in Ohio can commit to jail a contumacious witness. This authority is unquestionably conferred upon such notary by Section 11510, General Code, which reads as follows:
“Sec. 11510. Disobedience of a subpoena, a refusal to be sworn, except upon failure to pay fees duly demanded, and an unlawful refusal to answer as a witness or to subscribe a deposition, may be punished as a contempt of the court or officer by whom the attendance or testimony of the witness is required.”
And Sections 11529 and 11530, General Code, provide:
“Sec. 11529. Depositions may be taken in this state before a judge or the clerk of the supreme court, a judge or clerk of the court of appeals, a judge or clerk of the court of common pleas, a probate judge, justice of the peace, notary public, mayor, master commissioner, official stenographer of any court in this state, or any person empowered by a special commission.
“Sec. 11530. Depositions taken in and to be used in this state, must be taken by an officer or person whose authority is derived within the state; but, if for use elsewhere, they may be taken before a commissioner or officer who derives his authority *65 from the state, district or territory in which they are to be used.”
The answer to the question propounded to us depends wholly upon the construction of these and other sections contained in Part Third, Title 4, Division 3, Chapter 3 of the General Code, and particularly upon the meaning to be ascribed to the word “officer” as used in Sections 11510, 11530, 11543, and others of said chapter. In the latter section the word “officer” certainly includes one appointed under a special commission to take testimony in another state for use in a court in this state. It follows that the word “officer,” used in Section 11510 of the same chapter, in like manner includes the commissioner who may be appointed under Section 11530 to take depositions to be used elsewhere. The word “officer,” as used in this chapter, cannot be limited to magistrates and others who have taken an oath, given bond, etc., as argued by counsel. In order to make the statutes on the subject consistent and effective, it is obvious, we think, that the word “officer” must be held to include all persons authorized to take depositions.
We are, therefore, of the opinion that the word “officer” as used in Section 11510 was intended to and does embrace a commissioner appointed by a court of another' state to take testimony in Ohio. Such being our construction of this section, it follows that the commissioner so appointed has power to punish as a contempt an unlawful refusal to answer as a witness or to subscribe to a deposition.
It is argued that, adopting the above construction, the law is unconstitutional for the reason that the power to punish for contempt is a judicial *66 power which under our constitution can be conferred only upon a court. This point has been passed upon by our supreme court in the case of DeCamp v. Archibald, supra. We quote from the syllabus, as follows:
“The power conferred by sections 5252 and 5254, Revised Statutes, on a notary, or other officer, in taking depositions, to commit a witness to the jail of the county for refusing to answer a question, is not judicial in the sense of the constitution, conferring all judicial power upon- the courts of the state.”
The judgment of the lower court will therefore be reversed and the defendants in error remanded to the custody of the sheriff.

Judgment reversed.

Jones, Oliver B., J., concurs.