## SCHLARMAN *v.* HEYN ET AL.

*Evidence—Witness rejected as incompetent—Bill of exceptions need not recite proposed testimony, when—Action against surviving partner and administrator of deceased partner— Plaintiff not incompetent witness as to all matters, when —Section 11495, General Code—Statute of limitations must be pleaded—Directed verdict erroneous, when.*

1. Where a witness, offered at a trial, is rejected by the court as incompetent to testify in the case, it is not necessary that the bill of exceptions set forth what was expected to be proved by the witness; the objection being to the competency of the witness and not of the testimony.
2. In an action against a surviving partner and the administrator of the deceased partner to recover for services rendered the partnership, it is error for the court, under favor of Section 11495, General Code, to reject the plaintiff as incompetent to testify as to *any* matters.
3. In such case, matters competent or incompetent as to one would be competent or incompetent as to both.
4. In order to take advantage of the statute of limitations as a bar to an action it must be specially pleaded.
5. It is error for the trial court to direct a verdict for the defendant, in an action to recover for services rendered, where there is some evidence to support plaintiff's claim.

(Decided December 17, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Anthony B. Dunlap,* for plaintiff in error.
*Messrs. Harmon, Colston, Goldsmith & Hoadly,* for defendants in error.

BUCHWALTER, J. The petition sets forth that

[1] Appeal and Error, 4 C. J. § 1662; [2] Witnesses, 40 Cyc. p. 2307; [3] Id.; [4] Limitations of Actions, 37 C. J. § 718; [5] Trial, 38 Cyc. p. 1578.

the defendant, Ricka Heyn, and Edward S. Heyn, now deceased, were partners, doing business as Heyn & Son; that the plaintiff was in their employ and there is due him a certain sum of money for services rendered; that Daniel S. Heyn was appointed administrator of the estate of Edward S. Heyn, deceased, and as such administrator rejected plaintiff's claim; and that plaintiff filed suit in 1913, and dismissed the same without prejudice in 1920.

On the following day, this action was refiled. On hearing in the Court of Common Pleas the plaintiff was called as a witness, and the record shows the following:

"Q. Just state to the jury your name and your age and residence? (Objected to by counsel for defendants; objection sustained and counsel for plaintiff noted an exception.)

"The Court: Let the record show that the objection is sustained for the reason that the party intending to testify is the plaintiff in the case, and that the defendant is being sued as the administrator of a deceased person; that the witness is not competent to testify. The objection is not to the competency of the testimony but to the competency of the witness."

Many other questions were asked and objections thereto sustained on the theory that under Section 11495, General Code, the witness was incompetent to testify. The record does not show what testimony would have been given by the witness if permitted to answer. However, it was not necessary to set forth what was expected to be proved by the witness, as the objection was to the competency of the witness, and not to the competency

of the testimony. *Wolf* v. *Powner, Exr.,* 30 Ohio St., 472, syllabus 2:

"Where a witness offered is improperly rejected by the court, *as incompetent to testify in the case,* it will be held by a reviewing court, that the party offering the witness has been prejudiced by his exclusion, though the facts he was expected to prove are not shown by the record."

Section 11495, General Code, is as follows:

"A party shall not testify when the adverse party is  *  *  *  an executor or administrator, or claims or defends as heir, grantee, assignee, devisee, or legatee of a deceased person, except  *  *  *.

"5. In an action or proceeding by or against a partner or joint contractor, the adverse party shall not testify to transactions with, or admissions by, a partner or joint contractor since deceased, unless they were made in the presence of the surviving partner or joint contractor. This rule applies without regard to the character in which the parties sue or are sued."

As the plaintiff would have been a competent witness as to acts done or statements made by the deceased in the presence of the surviving partner the court was in error in refusing to allow him to testify as to *any* matters at all.

It is contended by the defendant in error that as the action was filed seven years after the cause thereof arose it was barred by the statute of limitations. To take advantage of the statute limiting the time in which actions may be brought it must be specially pleaded. *Towsley* v. *Moore,* 30 Ohio St., 184, syllabus 3:

"In order to obtain the benefit of the statute

of limitations, a defendant must insist on it as a bar in his answer. If instead of so doing he simply denies the allegations of the petition, he cannot, upon the trial, also insist upon the bar of the statute.''

The plaintiff in error further contends that some of the questions, while probably incompetent as to the administrator, were competent as to Ricka Heyn. The same rule would apply to both. What would be competent as to one would be competent as to both, and if not competent as to the administrator could not be competent as to Ricka Heyn. Both parties would be equally affected. A judgment would conclude the matter, each one being called upon to advance his proportionate share. See *Harrison* v. *Neely*, 41 Ohio St., 334.

Another ground of error claimed is that the court, on motion, directed a verdict for the defendant. There was some evidence as to the partnership, and also some evidence as to money due the plaintiff from the partnership. This was sufficient to have warranted the submission of the cause to the jury.

For this error, and the error in sustaining the objections to the competency of the plaintiff as a witness, the cause will be reversed and remanded for a new trial.

*Judgment reversed and cause remanded.*

CUSHING and HAMILTON, JJ., concur.