NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1725
_____

In re:  WASHINGTON MUTUAL, INC., et al., Debtors


ALICE GRIFFIN, Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-19-cv-00775)
District Judge: Honorable Richard G. Andrews
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 11, 2020

Before:  McKEE, PORTER, FISHER, *Circuit Judges*.

(Filed: March 23, 2021)
_____

OPINION*
_____

FISHER, *Circuit Judge*.

This appeal arises out of the Chapter 11 bankruptcy of Washington Mutual,

Inc. (WMI). Appellant Alice Griffin was a holder of WMI preferred stock whose

shares were canceled pursuant to WMI's 2012 plan of reorganization. Under the plan,

Griffin and other preferred shareholders became members of "Class 19," the plan's

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

"Preferred Equity Interest" class.[1] In 2019, Griffin objected to a settlement that diluted her interests in Class 19. That settlement, negotiated by the appellee Liquidating Trust in 2013, allowed a disputed $72 million claim brought by certain securities underwriters. The Bankruptcy Court overruled Griffin's objection. On appeal, the District Court affirmed. Griffin now appeals a second time, alleging multiple errors. We will affirm.[2]

## I.[3]

The Bankruptcy Court overruled Griffin's objection on two grounds. It stated first: "I believe that the equitable doctrine of laches precludes this objection from being prosecuted at this time," i.e., six years after the settlement.[4] Second, it explained

---

[1] App. 834.

[2] The Bankruptcy Court had jurisdiction under 28 U.S.C. §§ 157(b), 1334. The District Court had appellate jurisdiction under 28 U.S.C. § 158(a). "We assess our own appellate jurisdiction in the first instance." *Seneca Res. Corp. v. Twp. of Highland, Elk Cty., Pa.*, 863 F.3d 245, 252 (3d Cir. 2017). Although neither party here contends this appeal is moot, "[o]ur 'continuing obligation' to assure that we have jurisdiction requires that we raise issues of . . . mootness sua sponte." *Id.* (quoting *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 211 (3d Cir. 2007)). This appeal is not moot. The underlying bankruptcy case is now closed and the Trust has made its final distribution, but we cannot say these developments "make[] it impossible for the court to grant 'any effectual relief whatever.'" *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). Were Griffin to prevail on the merits and the settlement to be set aside, her pro rata share of the initial distribution made to members of Class 19—including to the underwriters—would increase accordingly. Meaningful relief therefore remains possible. We have jurisdiction under 28 U.S.C. §§ 158(d)(1), 1291.

[3] "We 'exercise the same standard of review as the District Court [did] when it reviewed the original appeal from the Bankruptcy Court.'" *In re S.S. Body Armor I Inc*, 961 F.3d 216, 224 (3d Cir. 2020) (alteration in original) (quoting *Binder & Binder, P.C. v. Handel (In re Handel)*, 570 F.3d 140, 141 (3d Cir. 2009)). Thus, we review the Bankruptcy Court's approval of the disputed settlement for an abuse of discretion. *In re Martin*, 91 F.3d 389, 391 (3d Cir. 1996).

[4] App. 45.

that even if laches did not apply, Griffin's objection failed on the merits because "th[e] settlement was not in bad faith, was not a breach of fiduciary duty, but really was a proper exercise of the liquidating trust['s] obligation under the trust agreement."[5] The District Court affirmed on the second ground, noting that "the Bankruptcy Court's decision adequately rests on its approval of the merits of the settlement."[6] The District Court did not rule on laches.

Griffin contends this was error. In her view, laches was "the sole basis" for the Bankruptcy Court's decision and "the District Court was required to review [it]."[7] We disagree. Where "two independent reasons support a decision, neither can be considered obiter dictum; each represents a valid holding of the court."[8] Here, the Bankruptcy Court analyzed the merits at length. It considered the four factors this Court has identified as governing the approval of settlements in bankruptcy.[9] It concluded that "all those factors support approval of the final settlement by a liquidating trustee."[10] The Bankruptcy Court then stated that if the settlement had been submitted for approval, it "would have approved it."[11] Griffin cannot credibly dismiss these conclusions as judicial "musings."[12] The record demonstrates that they were

---

[5] App. 47.
[6] App. 67.
[7] Appellant's Br. 13.
[8] *United States v. Shakir*, 616 F.3d 315, 319 n.1 (3d Cir. 2010) (quoting *Kushner v. Winterthur Swiss Ins. Co.*, 620 F.2d 404, 408 n. 4 (3d Cir. 1980)).
[9] *See Martin*, 91 F.3d at 393.
[10] App. 46.
[11] App. 48.
[12] Appellant's Br. 13.

rather "independent reasons support[ing] [the] decision."[13] Accordingly, it was "a valid holding" of the Bankruptcy Court that Griffin's objection failed on the merits.[14] The District Court was free to affirm on that basis.[15]

"We [too] may affirm on any basis supported by the record."[16] Because we agree that the Trust acted appropriately in settling the underwriters' claims, we need not address Griffin's laches argument. Instead, we turn to the settlement.

## II.

"[T]he ultimate issue on appeal is whether the [B]ankruptcy [C]ourt abused its discretion when it []approved the compromise" between the Trust and the underwriters.[17] That compromise did two things. First, it disallowed from Class 18 (ahead of Griffin) a $24 million indemnification claim related to the underwriting of WMI debt securities. Second, it allowed in Class 19 (Griffin's class) a $72 million indemnification claim related to the underwriting of WMI equity securities.

In considering whether to approve this settlement, the Bankruptcy Court was required "to assess and balance the value of the claim[s] . . . being compromised

---

[13] *Shakir*, 616 F.3d at 319 n.1.

[14] *Id.*

[15] *See Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc.*, 57 F.3d 1215, 1224 (3d Cir. 1995) (affirming the District Court, which had "affirmed the [B]ankruptcy [C]ourt's [decision] . . . by finding three alternative grounds for upholding [it]"); *Helvering v. Gowran*, 302 U.S. 238, 245 (1937) ("In the review of judicial proceedings the rule is settled that, if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason.").

[16] *TD Bank N.A. v. Hill*, 928 F.3d 259, 270 (3d Cir. 2019).

[17] *Martin*, 91 F.3d at 393.

against the value to the estate of the acceptance of the compromise proposal."[18] Four factors guide this assessment: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors."[19]

We find no abuse of discretion in the Bankruptcy Court's consideration of these factors, and we agree they favor approval of the settlement. First, the Trust's probability of success in litigation was uncertain. Griffin contends that our precedent made its objection to the underwriters' claims a slam dunk.[20] But even assuming the case law was on its side, the Trust still needed to show that the relevant precedents applied. It still needed to rebut the underwriters' counterarguments. And even then, as Griffin acknowledges, a subset of the claims might well have survived as "potential obligations of WMI."[21] Success in litigation was hardly guaranteed.

Nor do the remaining factors cast doubt on the Trust's decision to settle. The second factor, likely difficulties in collection, is not relevant here because the Trust was not seeking to collect on the underwriters' claims, but to defeat them. The third, however—the litigation's complexity, cost, duration, and inconvenience—weighed

---

[18] *Id.*

[19] *Id.*

[20] She cites *Eichenholtz v. Brennan*, 52 F.3d 478 (3d Cir. 1995) and *In re Cendant Corp. Litig.*, 264 F.3d 286 (3d Cir. 2001). In *Eichenholtz*, we observed that "federal courts [generally] disallow claims for indemnification because such claims run counter to the policies underlying the federal securities acts." 52 F.3d at 484. In *Cendant*, we cited *Eichenholtz* for the proposition "that there [is] no express or implied right to indemnification under the federal securities law." 264 F.3d at 301.

[21] Appellant's Br. 37.

heavily in favor of settlement. Griffin does not disagree. Finally, settlement was appropriate under the fourth factor, the paramount interest of the creditors. Allowance of the underwriters' $72 million claim in Class 19 slightly reduced Griffin's pro rata share of the initial distribution, but on net the settlement benefited Class 19 by eliminating a $24 million senior claim, thereby increasing the odds of an additional payout.

### III.

We decline to reach Griffin's three remaining arguments. First, she asserts that the settlement was an *ultra vires* act and a breach of the Trust's fiduciary duty. But she fails to cite any legal authority in support of these claims, and her attempt to incorporate by reference her arguments before the Bankruptcy Court and the District Court "does not satisfy the rules of appellate procedure."[22]

Second, Griffin challenges "how the [settlement] was implemented."[23] No such argument was raised before the Bankruptcy Court. "We generally do not consider arguments raised for the first time on appeal and will not do so in this case."[24]

Lastly, Griffin requests a reasonable fee for her efforts to improve the settlement. She cites two independent grounds for the requested fee award.[25] Neither

---

[22] *Norman v. Elkin*, 860 F.3d 111, 130 (3d Cir. 2017); *see also* Fed. R. App. P. 28(a)(8) (requiring the appellant to present her "argument," including her "contentions and the reasons for them, with citations to the authorities . . . on which [she] relies").

[23] Appellant's Br. 34.

[24] *Gardner v. Grandolsky*, 585 F.3d 786, 793 (3d Cir. 2009) (per curiam) (citation omitted).

[25] 11 U.S.C. § 503(a), (b)(3)(D), (b)(4); *In re S.S. Body Armor I*, 961 F.3d at 225.

accompanied her one-line request to the Bankruptcy Court for "costs and fees associated with bringing the Objection."[26] Griffin's new grounds are really new arguments presented for the first time on appeal. We decline to consider them.

IV.

For the foregoing reasons, we will affirm.

---

[26] App. 1561.